## Daniel F. Comstock v. James W. Norton.

*Evidence: Orders: Payment by plaintiff at defendant's request: Corroboration: Relevancy.* In an action to recover the amount of certain orders drawn on defendant by a firm who were managing for him a lumber camp, for the payment of men employed in the camp, and which the plaintiff claims to have cashed at defendant's request and on his promise to repay the sums so advanced, the defense being that defendant had made no such arrangement with plaintiff and had no concern with the payment of the men, and that his relations to them were inconsistent with his assuming to become liable as claimed, the written contract between defendant and said firm, which contemplated defendant would or might look after the wages of the men, is held to be relevant and material evidence for the plaintiff.

*Charge to the jury: Hypotheses of the parties: Evidence.* A party is entitled to a charge applicable to the theory of the case for which he contends and which his evidence tends to support.

*Statute of frauds: Promise to pay debt of another.* An arrangement by which plaintiff was to cash for defendant orders drawn on defendant by his

COMSTOCK v. NORTON.

contractor in payment of employes of the latter, and defendant was to reimburse plaintiff for the moneys so advanced by him, is not within the statute of frauds as a promise to pay the debt of another; such an arrangement is original and direct, and not secondary or collateral.

*Charge to the jury: Hypothesis unsupported by evidence.* Instructions to the jury which submit to their consideration an hypothesis different from that maintained by either side and which is not supported by the evidence, are misleading and erroneous.

*Submitted on briefs April 10.    Decided April 17.*

Error to Kent Circuit.

*Taggart, Simonds & Fletcher*, for plaintiff in error, upon the question of the admissibility in evidence of the contract between defendant and Johnson & Co., cited: *People v. Jenness, 5 Mich., 307; People v. Doyle, 21 Mich., 221; Clark v. McGraw, 14 Mich., 139; Stephen's Dig. of Ev., 14; 1 Greenl. Ev., § 51;* and to the point that the statute of frauds was not applicable to the case made by the plaintiff's evidence: *Browne, § 188, and cases cited in note 3; Mersereau v. Lewis, 25 Wend., 243; Weld v. Nichols, 17 Pick., 538; Aldrich v. Ames, 9 Gray, 76; Alger v. Scoville, 1 Gray, 391; Pratt v. Humphrey, 22 Conn., 317.*

*G. Chase Godwin*, for defendant in error, cited: *Leonard v. Fredenburgh, 8 Johns., 39; · Nelson v. Boynton, 3 Metc., 402; Fullam v. Adams, 37 Vt., 391.*

GRAVES, J:

During the lumber season of 1875 Comstock was carrying on banking at Clam Lake, and Norton was engaged in lumbering near there.

Norton had two lumber camps, one of which was managed by a foreman named Boseley, and the other was controlled and conducted under a written contract with Norton, by Orrin L. Johnson and W. P. Miller, who assumed the firm style of O. L. Johnson & Co. March 29, 1875, Boseley issued to one Burns a ticket indicating that Burns was entitled to thirty-three dollars and ninety cents from Norton, for labor done. It was directed to Norton. Burns, however, endorsed it to Comstock, who cashed it.

From February 16th to April 3d, Johnson & Co. drew

a number of orders on Norton in favor of different persons and they were severally cashed by Comstock. That these orders were all drawn in connection with the lumber business in question, does not appear to have been disputed.

Comstock claimed that Norton requested him to cash all such orders, and promised to repay him whatever he should so advance for him. Norton, on the other hand, denied making any such arrangement, and insisted that he was under no obligation to take care of orders issued by Johnson & Co. Norton refusing to redeem the orders, or refund to Comstock what he had paid, the latter sued to recover the amount.

Johnson, being called to the stand on the part of Comstock, testified that Norton instructed him that if he would draw orders in favor of the men, he, Norton, would have them cashed by Comstock, and that these orders were drawn accordingly and charged up to Johnson & Co. by Norton.

Further evidence was given which tended to show that Norton requested Comstock to cash the orders and promised to reimburse him whatever he should advance.

The counsel for Comstock then offered in evidence the written agreement between Norton and Johnson & Co., but the court excluded it, on Norton's objection that it was irrelevant and immaterial. This ruling was erroneous. It was part of the theory of Norton's defense that he had no concern whatever with the payment of the men under Johnson & Co., and that his position was not consistent with the idea of his assuming to become liable for advances to meet their orders. The contract, however, seems to have contemplated that Norton would or might look after the wages due the men, and hence favored the plaintiff's construction. Moreover, it was closely connected with the transaction between Comstock and Norton, and was needed to help to a perfect understanding of the other evidence. The jury were entitled to have it laid before them as one of the surrounding facts essential to a satisfactory determination.

When the judge came to submit the case to the jury, he instructed them that if the orders were not originally the debts of Norton, then no promise of his to pay them could be binding upon him unless in writing signed by him or by some one authorized, and he refused to charge that in case they should find Norton requested Comstock to pay the orders and that he did pay them, then that Comstock would be entitled to recover the amount so paid, with interest at seven per cent.

There was error in these rulings. The plaintiff was entitled to a charge applicable to the theory he contended for and which his evidence tended to support, and the instruction which was refused should therefore have been given. He claimed, and his evidence favored the position, that he simply cashed the orders in question pursuant to Norton's request and on his promise to reimburse him; and if such was the construction of the transaction, the statute of frauds had no concern with it. The arrangement was original and direct, and not secondary or collateral. It was merely an arrangement whereby Comstock undertook to act as Norton's banker, and, at his request and to his use, pay such orders as might be drawn on him. The charge given in this connection was not applicable to the facts on either side. Not on the part of Comstock as already explained, and not on the part of Norton, because his position on the facts was, that he never requested Comstock to pay any orders, and never promised to reimburse him, and consequently that no verbal promise had been made to be ruled by the statute of frauds.

The plaintiff was allowed to recover only for the amount of the little order drawn by Boseley.

The judgment should be set aside, with costs, and a new trial ordered.

The other Justices concurred.