McKINE *v.* SYDOR

1. Trial—Instructions to Jury—Requested Instructions to Jury —Proximate Cause.

  Failure to give a requested instruction to the jury that there could be more than one proximate cause was not error where the trial judge defined "proximate cause" and numerous times used the phrase "a proximate cause."

2. Jury—Presumption of Competency—Challenge for Cause— Preconceived Opinions or Prejudices—Prima Facie Case.

  A venireman is presumed to be qualified and competent to serve; a party challenging a venireman for cause has the burden of establishing a *prima facie* case that the venireman has preconceived opinions, prejudices, or interests (GCR 1963, 511.4).

3. Jury—Challenge for Cause—Preconceived Opinion or Prejudice—Discretion of Court.

  A determination of the existence of bias or prejudice of a venireman who has been challenged for cause is for the trial court to make.

4. Jury—Challenge for Cause—Preconceived Opinion or Prejudice—Discretion.

  Determination that a venireman, whose brother had been a policeman for ten years and who had left the police department seven or eight years before the date of the trial, was not biased or prejudiced and was competent to be a juror in a civil case in which the defendant was a policeman alleged to have been negligent while performing his duties was not an abuse of discretion where the trial judge had questioned the venireman about her ability to return an unbiased opinion and where

References for Points in Headnotes

[1] 53 Am Jur, Trial §§ 233, 234.
[2] 47 Am Jur 2d, Jury §§ 298, 302.
[3, 4] 47 Am Jur 2d, Jury §§ 267, 269, 272, 298, 302.
[5] 53 Am Jur, Trial § 461.

the venireman stated that she could and would return an impartial verdict.

5. TRIAL—LIMITATION OF CLOSING ARGUMENTS—DISCRETION.
  The trial court has discretion to limit the length of time of the arguments to the jury and the limitations may be imposed during arguments, as the circumstances require.

Appeal from Wayne, Horace W. Gilmore, J. Submitted Division 1 June 8, 1970, at Detroit. (Docket Nos. 6,361, 6,362.) Decided October 28, 1970. Leave to appeal granted January 19, 1971. 384 Mich 798.

Complaints by Emma McKine and John McKine against John Sydor and others for damages for injuries from an automobile-pedestrian accident. Judgment of no cause of action for defendant Sydor. Plaintiffs appeal. Affirmed.

*Zeff & Zeff* (*Edward Grebs,* of counsel), for plaintiffs.

*Robert Reese,* Corporation Counsel, and *Thomas H. Gallagher* and *William P. Doran,* Assistants Corporation Counsel, for defendant.

Before: DANHOF, P. J., and V. J. BRENNAN and J. J. KELLEY, Jr.,* JJ.

KELLEY, J. Elmer Hamner lost control of his car and ran into a parked car owned by Mrs. Lenore Tremble. The collision, although injuring no one, pushed the parked car onto the sidewalk. Shortly after the accident, police officers Griffin and Sydor arrived at the scene. Officer Sydor ordered Lenore Tremble to remove her vehicle, which she then did. In the process of removing it, she backed it into

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff John McKine, her neighbor and friend, severely injuring him. His wife, Emma McKine, commenced the separate action for loss of consortium. In their respective suits they joined Hamner and the two officers as defendants. As to Hamner and Officer Griffin the case was dismissed, leaving Officer Sydor as the only defendant.

Plaintiffs alleged that at the time Officer Sydor ordered Mrs. Tremble to move her vehicle, she declined because it was obviously damaged. Officer Sydor denied that he insisted or ordered that it be moved and alleged that she moved it at his request.

On appeal, following an adverse jury verdict, plaintiffs allege five errors.

1. The court did not give the instruction to the jury requested by the plaintiffs: "I charge you that there may be more than one proximate cause."

In instructing the jury, the court defined "proximate cause" and numerous times used the phrase "a proximate cause". Taken as a whole, the instructions very adequately covered this topic. The jury could not have been mislead by them.

2. The plaintiffs' objection to the defendant's demonstration of brake fluid should have been sustained.

A witness, who had been a repair service manager for 22 years, testified, in effect, that brake fluids have generally the same odor and that the brake fluid he brought to court was the general type as that which was used in the year in which Mrs. Tremble's car had been made. From the record it appears that this witness did nothing more than to state that the contents of the can he brought to court smelled like brake fluid and to pour some of the fluid out of the can. No error appears. *Finch* v. *W. R. Roach Co.* (1940), 295 Mich 589.

3. The court should have excused for cause a venireman whose brother had been a member of the police department.

The venireman stated that her brother had left the police department seven or eight years before the time of the trial, after having been a member of the department for ten years. The court thoroughly questioned her about her ability to return an unbiased and impartial verdict. She stated that she could and would. Plaintiffs' challenge was denied.

A person sitting on a jury panel is presumed to be qualified and competent to serve. The burden is on the challenging party to make out a *prima facie* case to the contrary. *Lee* v. *Misfeldt* (1965) 1 Mich App 675, 679. In order to make out a *prima facie* case of disability it must be shown that the venireman has preconceived opinions, prejudices, or interests. GCR 1963, 511.4. The existence of bias or prejudice is a matter for the trial court's determination. No abuse of discretion has been shown. *Rice* v. *Winkelman Brothers Apparel, Inc.* (1968), 13 Mich App 281, 287.

4. The court erred in limiting the rebuttal argument time of the plaintiffs' counsel.

After plaintiffs' counsel had argued 40 minutes, the court suggested that counsel proceed and complete his argument. Counsel then continued his argument for a lengthy period and the court gave him ten more minutes to complete it.

During the argument of defendant's counsel, the court warned as to time.

After considerable rebuttal argument the court stated simply that there were five minutes more on rebuttal. Plaintiffs' counsel then began arguing to the court about the time limitation. Thereafter, he completed his argument without any further statement from the court.

The trial judge, not counsel, has discretion as to limiting the time of arguments to the jury. Such limitations may be imposed during arguments, as the circumstances require. Otherwise, unless the court had set limitations in advance, counsel could talk for as long as they pleased.

Examination of all the arguments shows that the court wisely used discretion in setting time for completion of the rebuttal argument.

5. The verdict was contrary to the overwhelming weight of the testimony.

The record discloses a direct conflict of testimony on material issues, creating a question of credibility which was properly resolved by the jury. *Fraser* v. *Collier Construction Co.* (1943), 305 Mich 1, 30. Its resolution was not against the great weight of the evidence.

Affirmed. Costs to appellee.

All concurred.