McKINE v SYDOR

1. TRIAL—INSTRUCTIONS.
    Failure to give legally accurate, properly requested instructions
    to the jury in the precise language submitted is not error,
    providing the substance is embodied in the instructions as
    given.

2. NEGLIGENCE—INSTRUCTIONS—PROXIMATE. CAUSE.
    Instruction to the jury that "proximate cause is defined to be
    *the* direct, immediate, nearest, next in order" failed to state
    the law accurately.

3. NEGLIGENCE—PROXIMATE CAUSE—WORDS AND PHRASES.
    The proximate cause of an injury is not necessarily the im-
    mediate cause, the cause nearest in time, distance, or space;
    assuming that there is a direct, natural, and continuous
    sequence between an act and an injury, the act can be ac-
    cepted as the proximate cause of the injury without reference
    to its separation from the injury in point of time or distance.

4. NEGLIGENCE—PROXIMATE CAUSE—INSTRUCTIONS.
    Instruction to the jury that "proximate cause means *an act*
    which occurs *directly* in producing injury" clearly addresses
    itself to one act and requires that that one act directly
    produced the injury, and erroneously excludes consideration
    of an allowance for subsequent acts which are both foresee-
    able and dependent upon the original act.

5. NEGLIGENCE—CAUSATION—INTERVENING ACT.
    The subsequent act of another which is reasonably foreseeable
    does not constitute such intervening conduct as to terminate

REFERENCES FOR POINTS IN HEADNOTES
[1]  53 Am Jur, Trial §§ 527–530.
[2]  57 Am Jur 2d, Negligence § 131.
[3]  57 Am Jur 2d, Negligence § 168 *et seq.*
[4–6, 8]  57 Am Jur 2d, Negligence § 199 *et seq.*
[7]  53 Am Jur, Trial § 509.

the effect and legal consequences of a defendant's antecedent negligent act.

6. NEGLIGENCE—FORESEEABILITY—INSTRUCTIONS.

An instruction to the jury as to foreseeability of injury which failed to discuss the foreseeability of a consequential act of a third person occurring between defendant's act and the injury precluded proper consideration of a case in which there was such an intervening act.

7. TRIAL—INSTRUCTIONS—JURY.

The function of proper jury instructions is so to inform the jury as to prevent speculation on the law of the case.

8. NEGLIGENCE—INSTRUCTIONS—PROXIMATE CAUSE.

Refusal of the trial court to give and explain fully plaintiffs' requested instruction that "I charge you that there may be more than one proximate cause" was reversible error in a case where a police officer ordered the owner of an automobile, which had been struck by another automobile and forced onto a sidewalk, to move it; although the owner protested that she was too nervous and that her automobile was damaged, and when the owner put the car in reverse, it swerved back and knocked plaintiff through a plate glass window which resulted in the loss of his left leg.

Appeal from Court of Appeals, Division 1, Danhof, P. J., and V. J. Brennan and J. J. Kelley, Jr., JJ., affirming Wayne, Horace W. Gilmore, J. Submitted October 6, 1971. (No. 6 October Term 1971, Docket Nos. 53,104, 53,105.) Decided March 9, 1972.

27 Mich App 437 reversed.

Complaints by Emma McKine and John McKine against John Sydor and others for damages for injuries from an automobile-pedestrian accident. Judgment of no cause of action for defendant Sydor. Plaintiffs appealed to the Court of Appeals. Affirmed. Plaintiffs appeal. Reversed and remanded for new trial.

*Zeff & Zeff* (by *Edward Grebs*), for plaintiffs.

*Michael M. Glusac,* Corporation Counsel, and *Thomas H. Gallagher* and *William P. Doran,* Assistants Corporation Counsel, for defendant.

T. M. KAVANAGH, C. J. On May 31, 1960, defendant Hamner, while intoxicated, collided with a parked automobile owned by Mrs. Tremble, forcing it onto the sidewalk. Defendants, officers Griffin and Sydor, arrived to investigate. When ordered by officer Sydor to move her automobile, Mrs. Tremble indicated she was recovering from surgery and was too nervous, and that the automobile was damaged. Officer Sydor insisted, and when Mrs. Tremble started her automobile the engine raced. Though she again protested that her automobile was damaged, she was ordered to move the automobile. When she put the automobile in reverse it hurled backward, knocking plaintiff John McKine through a plate glass window which resulted in the loss of his left leg.[1]

Several witnesses, including Mrs. Tremble, stated they had either seen or smelled brake fluid under the

---

[1] Mrs. Tremble testified:

"I said, 'Officer, I am too nervous to move this car. It is damaged.'

"He said, 'Move the car. Drive it around the corner.'

"And I said, 'Officer, I can't move this car.'

"And at that time, this man stepped up to the officer, and said, 'This woman is in no condition to drive this car, and she is in no condition to move the car. Let me move it for her.'

"And he said to me, 'You had better move the damn thing or we're going to impound it.'

"He said to the man, 'You had better get the hell back and mind your own business.'

"And I says, 'I will try, officer.'

"And I put on the ignition, and the motor was racing. I yelled out and said, 'Officer, I can't move this car.'

"He said, 'Back it and park it.'

"And that is when I put it in reverse, and the car swerved back and knocked Mr. McKine through the plate glass window."

Tremble automobile, and Mrs. Tremble explained that she had first discovered she had no brakes when she was forced to move the automobile.

Plaintiff John McKine and his wife Emma brought suit for negligence. At the conclusion of plaintiffs' proofs, defendant Hamner and officer Griffin were dismissed. The jury returned a verdict of no cause of action as to defendant officer Sydor.

The Court of Appeals affirmed. 27 Mich App 437 (1970). We granted leave. 384 Mich 798 (1971).

Plaintiffs raise five questions on appeal. Only the following two are necessary for decision:

1. Whether the trial court erred in refusing to instruct, upon proper request and objection, that there could be more than one proximate cause?

2. Whether the trial court erred in allowing, over objection, defendants' demonstration of brake fluid before the jury?

By question No. 1, error is claimed in the trial court's failure to give plaintiffs' requested instruction No. 10, which read:

"I charge you that there may be more than one proximate cause."

Having timely requested such instruction, plaintiffs objected to its omission:

"*Mr. Zeff* [*plaintiffs' attorney*]: Yes, Your Honor. I wish you would charge plaintiffs' request to charge ten, which is in essence a statement that there may be more than one proximate cause.

"*The Court:* Well, I said that. I emphasized very carefully the word, and I repeated it not once but at least five times in the charge, and I think that is sufficient. I think this is a new jury, and if we get to talking about more than one proximate cause, it will confuse them. So I talked about a proximate cause, and I emphasized it.

*Mr. Zeff:* Your Honor, I respectfully cite the case on a proximate cause was a case that there could be only one.

"*The Court:* No. I am not going to give the other one. I think it is covered adequately."

It is a time-honored rule that the failure to give legally accurate, properly requested instructions in the precise language submitted is not error, *providing the substance is embodied in the instructions as given.*[2] Thus, in the instant case we must view the instructions as a whole with this principle in mind. Those instructions relating to and mentioning proximate cause do not incorporate plaintiffs' requested instruction No. 10, either expressly or implicitly.[3]

---

[2] See, *e.g.*, *Lewis* v *Rice*, 61 Mich 97, 103 (1886); *Miller* v *Sharp*, 65 Mich 21, 22 (1887); *Alton* v *Meeuwenberg*, 108 Mich 629, 633 (1896); *Morris* v *Radley*, 306 Mich 689, 697 (1943); *Gibbs* v *Guild*, 332 Mich 671, 677 (1952); *Schattilly* v *Yonker*, 347 Mich 660, 666 (1957); *Knickerbocker* v *Samson*, 364 Mich 439, 449 (1961); *Berry* v *Fruehauf Trailer Company*, 371 Mich 428, 431 (1963).

[3] "The Defendant Sydor claims that his actions were reasonable and prudent under all the attending circumstances, that he was performing his duty as a police officer for the City of Detroit, and that none of his acts were *the proximate cause* of the injuries of the plaintiff.

"Now, those two contentions, ladies and gentlemen of the jury, frame the issue of fact which it is for you, members of the jury, to decide in determining the outcome of this case.

"First, the mere fact that there was an accident and an injury— and, in this case a serious injury—the mere fact of an accident and injury does not create liability. To recover, the plaintiff, Mr. McKine, must show by a preponderance of the evidence—and I shall define preponderance of the evidence for you in a minute—to recover, the plaintiff must show, first, that the Defendant Sydor failed to act as a reasonably prudent police officer would act under the circumstances then and there existing. In other words, if he did not act as a reasonably prudent police officer would act, that he was negligent as a police officer in his actions, and I shall define those for you.

"Further, he must show, secondly, that if there was such failure to act, or negligence on the part of Defendant Sydor, that that negligence was *a proximate cause*—and I shall define all these terms for you—a proximate cause of the injuries that Mr. McKine suffered.

"Third, he must show, of course, that Mr. McKine was injured in the accident. But that is conceded.

"Now, let me repeat the general rules of liability, and then I will develop them for you in just a moment. First, the mere hap-

pening of an accident, in and of itself, does not create liability. To recover, the plaintiff must prove by a preponderance of the evidence that the defendant was negligent or failed to act as a reasonably prudent police officer would act under the circumstances then and there existing as he saw at that time.

"Second, that that failure, that negligence on the part of the police officer, was *a proximate cause* of the injuries of Mr. McKine.

* * *

"Now, I also said that before the defendant is liable, the plaintiff must show by a preponderance of the evidence that if he was negligent or if he failed to adhere to the duties of a police officer, that the plaintiff must also show that that failure to adhere or that negligence—and I use negligence because it is a catch-all, although there is a little difference from the ordinary negligent situation—he must also show that that negligence was a proximate cause of the injury of Mr. McKine.

"Now, what do I mean when I say proximate cause? Well, *proximate cause is defined to be the direct, immediate, nearest, next in order. Proximate cause means an act which occurs directly in producing injury.* Consequences flowing in an unbroken sequence without an intervening effective cause from an original negligent act are natural and proximate.

"Another way to define proximate cause is this: That, of course, negligence in a vacuum means nothing. Negligence must be the *proximate cause.* So, first, in defining proximate cause, you must first look to see if the negligence was actually a cause of the injury. And the second definition of proximate cause is not only must the negligence be a cause of the injury, but before it is *a proximate cause,* the injury must be a natural and probable consequence of the negligent act. It must be reasonably foreseen as a consequence by an ordinarily prudent person as a consequence of the negligent act. And if it is, then it becomes *a proximate cause.* In other words, first you have the question of negligence, which is the general standard of due care for a police officer under the circumstances. Then you have the question of proximate cause. In other words, negligence just in a vacuum out here is not actionable unless it is first a cause of an injury, and *a proximate cause.*

"Well, now, let's look at proximate cause. Again, *proximate cause,* first, to be a *proximate cause* must be a cause. In other words, it must be a cause that caused the injury. But before it becomes *a proximate cause* under the law, it must be reasonably foreseeable as a result from the original negligent act. In other words, when a person commits a negligent act, for that act to become *a proximate cause* of an injury it must be reasonably foreseeable by a prudent person that the result of that negligent act will be the injury that occurred.

"And that is what we mean when we talk about proximate cause. It is not a complex concept at all. It really has two aspects: Number one, an actual cause, and, number two, it is foreseeable. For it to be proximate, it must be foreseeable that this result would come from the original negligent act, and if it is, it is *a proximate cause.*

"Now, I have said to you that the plaintiff, to recover, must show by a preponderance of the evidence, one, that the defendant is

The trial court's first definition of proximate cause appears to preclude plaintiffs' theory of the case and fails to accurately state the law:

"[P]roximate cause is defined to be *the* direct, immediate, nearest, next in order." (Emphasis added.)

In *Parks* v *Starks,* 342 Mich 443, 448 (1955), we quoted with approval from 38 Am Jur, Negligence, § 55, p 703:

" 'The proximate cause of an injury is not necessarily the immediate cause; not necessarily the cause nearest in time, distance, or space.   Assuming that there is a direct, natural, and continuous sequence between an act and an injury,   *   *   *   the act can be accepted as the proximate cause of the injury without reference to its separation from the injury in point of time or distance.' "

Likewise, the trial court's second definition appears faulty:

"Proximate cause means *an act* which occurs *directly* in producing injury." (Emphasis added.)

First, it clearly addresses itself to one act.  Second, it requires that that one act directly produced the injury.  This does not comport with the law of the case, for it expressly excludes consideration of and allowance for subsequent acts which are both foreseeable and dependent upon the original act.

As was said in *Sweet* v *Ringwelski,* 362 Mich 138, 145 (1961):

---

negligent or failed to perform his duties as a reasonably prudent police officer, and, second, that if there was such negligence, that it was *a proximate cause* of the accident.   And I charged you and advised you that the plaintiff has the burden of proof of all the elements of this case by what is called a fair preponderance of the evidence.   In other words, the law says that when a person comes into a civil Court, coming into a Court of justice, he must satisfy the jury by what is called a fair preponderance of the evidence of the justness of his claim."   (Emphasis added.)

"If [another's] subsequent act was reasonably foreseeable, it would not, of course, constitute such intervening conduct as to terminate the effect and legal consequences of defendant's antecedent negligent act."

Thus, though the court instructed as to foreseeability of the injury, it failed to discuss the foreseeability of the consequential act of Mrs. Tremble. In so doing, the court precluded proper consideration of the case.

The only instructional reference which might be argued to be curative of the foregoing deficiencies was:

"Consequences flowing in an unbroken sequence without an intervening effective cause from an original negligent act are natural and proximate."

However, nowhere did the court clarify the meaning of this statement. The jury could well have believed that the mere conduct of Mrs. Tremble, whether or not a foreseeable consequence of defendant Sydor's negligence, was intervening and thus terminated defendant Sydor's liability.

Juries are not to be left to speculate upon the law of a case—it is the function of proper jury instructions to so inform the jury as to prevent such speculation. The refusal of the trial court in the instant case to give and explain fully plaintiffs' requested instruction No. 10, was reversible error.[4]

Error is also claimed in the introduction, over objection, of defendant's demonstration of brake fluid. It would appear that the record fails to establish the expertise of the witness involved in the demonstration and inadequately compares the fluid

---

[4] *Jorgensen* v *Howland,* 325 Mich 440, 448 (1949); *Comstock* v *Norton,* 36 Mich 277, 279 (1877); and cases cited, *supra,* note 2.

presented at trial with that in the car at the time of the accident. The proofs are such that we cannot, from this record, determine the facts. We suggest that on retrial these facts be more adequately presented.

In view of the disposition dictated by our finding of instructional error, we do not find it necessary to rule on the remaining issues raised.

Accordingly, we reverse and remand for new trial. Plaintiffs shall have costs.

BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred with T. M. KAVANAGH, C. J.