## REYNOLDS v. MAJEWSKI.

1. AUTOMOBILES—BICYCLES—INSTRUCTIONS—REQUESTS TO CHARGE.
Failure of trial court to give plaintiff bicyclist's requests to charge in language in which they were presented in action against motorist *held*, not to have constituted reversible error, where the topics were covered by the instruction given to the jury, although in different words.

2. NEW TRIAL—INSTRUCTIONS.
The trial judge's charge to the jury is considered as a whole when motion for new trial is presented, based on claimed errors in the charge.

3. APPEAL AND ERROR—INSTRUCTIONS—NEW TRIAL.
Error in trial court's charge to jury committed when he predicated recovery for injuries to plaintiff 9-year-old bicyclist upon defendant motorist's carelessness as being "the real cause of the accident, not contributed to by anything else" *held*, not prejudicial when considered in connection with the total charge and evidence presented and it does not appear that reversal for a new trial would produce a different result (CL 1948, § 650.28).

4. AUTOMOBILES—BICYCLES—EVIDENCE.
No errors in rulings upon the admission or exclusion of evidence *held*, in action for injuries to plaintiff bicyclist against defendant motorist.

5. SAME—BICYCLES—GREAT WEIGHT OF EVIDENCE.
Verdict for defendant motorist in action by 9-year-old bicyclist *held*, not against the great weight of the evidence.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5A Am Jur, Automobiles and Highway Traffic §§ 1092, 1093.
[2, 3] 39 Am Jur, New Trial § 118.
[6] 3 Am Jur, Appeal and Error §§ 895, 901.

6. APPEAL AND ERROR—SUPREME COURT—LAW ACTIONS—QUESTIONS
   REVIEWABLE.
   The Supreme Court does not, on appeal in law actions, try disputes of fact *de novo.*

Appeal from Wayne; Toms (Robert M.), J. Submitted January 7, 1958. (Docket No. 14, Calendar No. 47,103.) Decided March 6, 1958.

Case by Leslie Reynolds, a minor, by Howard Reynolds, his guardian, against Edward Majewski and George Majewski for personal injuries resulting from collision of automobile and bicycle. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Cronin & Cronin,* for plaintiff.

*Erickson, Dyll, Marentay, Van Alsburg & Slocum* (*Milo M. Rouse,* of counsel), for defendants.

EDWARDS, J. This is a suit by a father, as guardian of his minor son, for injuries received by the boy as a result of a collision between a bicycle on which he was riding and an automobile driven by defendant.

On trial of this case in Wayne circuit court, a jury found in favor of the defendant in a verdict of no cause for action, and plaintiff appeals claiming various errors and seeking a new trial.

The accident occurred on August 1, 1953. The boy, Leslie Reynolds, was at that time 9 years old and was riding his bicycle north on Dyar avenue, a one-way street northbound and 12 feet wide, in the Colonel Hamtramck housing project in the city of Hamtramck. As Leslie rode north on Dyar avenue he approached the intersection of Dyar avenue and Circle drive. Defendant, at the same time, was headed east on Circle drive, after getting his car from a parking space 150 or 200 feet west of Dyar.

It appears undisputed that Leslie's bicycle struck defendants' automobile on the right side in the vicinity of the right front fender. Defendant when called for cross-examination under the statute[*] testified positively that his automobile was standing still when the bicycle struck it. Defendant testified further that he was driving 10 to 12 miles per hour and was approximately 20 feet west of the intersection when he saw the boy, that his wife, who was with him in the car, hollered and he stopped. He also stated he blew the horn before the impact.

The essential part of Leslie's testimony is as follows:

"I was 9 years old at the time of the accident. I was riding my bicycle going north on Dyar avenue about noon, approaching Circle drive. When I was back a considerable distance from Circle drive, I looked to see if any cars were coming in Circle drive. There were none coming. When I came up closer I saw a car coming from my left. It was about 8 or 9 feet away.

"When the car came out in front of me I tried to put my foot on the brakes, but my foot slipped off the pedal. I turned to the right in trying to avoid an accident and came in contact with the right front fender. The part of Circle drive west of Dyar is known in the project as the parking lot. It is the parking lot for the entire project. I did not hear any horn blown. I was riding about 2 or 3 times as fast as a walk."

On cross-examination, it was developed that Leslie was in the fourth grade, that he had served on the school safety patrol occasionally, that he was familiar with both Circle drive and Dyar avenue, and that he had seen cars driving on both streets prior to this time.

---

[*] See CL 1948, § 617.66 (Stat Ann § 27.915).—Reporter.

Mr. Howard Reynolds, the father of Leslie, testified that following the accident defendant Majewski told him "that the accident was his fault, that he took off in a hurry talking to the milkman." Mr. Reynolds also testified that:

"Circle drive was one of the main arteries and exits leading in and out of the project and the main thoroughfare used by vehicular traffic coming in and out. It was a paved, hard-surfaced roadway at the time. The next intersecting street west of Circle drive is Selfridge, which is about 300 feet or a city block between Dyar and Selfridge (*sic*) and beyond that is another intersecting street called Oklahoma which is west of Selfridge about 300 feet."

Mrs. Wanda Majewski, wife of defendant, testified that she asked Leslie after the accident, "How come you didn't stop?" and reported Leslie's replying, "I couldn't stop, I didn't have no brakes."

A patrolman from the Hamtramck police department, Henry Szalka, testified to talking to Leslie Reynolds in the hospital emergency room after the accident. Patrolman Szalka testified:

"He told me he was going north on Dyar alley and he didn't see the vehicle approaching; he didn't see the vehicle until he struck it. When he did see it he couldn't stop, because his brakes were bad."

Patrolman Szalka also established that the speed limit in the project was 15 miles per hour.

Leslie Reynolds suffered a fracture of a femur, as a result of which one leg is somewhat shorter than the other.

In seeking a new trial, plaintiff-appellant's substantial questions relate to claimed error on the part of the court in the charge to the jury. Plaintiff presented 4 requests to charge, as follows:

"1. I charge you that the negligence of the defendant driver, Edward Majewski, becomes and is by

application of law, the negligence of George Majewski, the owner of the motor vehicle, since the same was driven at the time and place of the accident with the owner's knowledge and consent.

"2. It is the claim of the plaintiff that he was in the exercise of ordinary care for an infant of his years. In that connection I charge you that the law does not require the exercise of the same degree of care by a child of tender years as it does of an adult. Up to approximately 6 years of age, the law presumes that a child is incapable of negligence. At the age of this plaintiff at the time of the accident, to-wit, 9 years, he may be charged only with that degree of care which an ordinarily prudent child of 9 years ordinarily uses in the same or similar circumstances.

"3. If you find that the defendant was guilty of negligence and that such negligence was a proximate cause of the accident, and that plaintiff himself was free from negligence which contributed to the accident, your verdict shall be for the plaintiff for all the damages he has sustained.

"4. If you find from the evidence that defendant driver drove through said intersection without making observations to his right to ascertain what traffic was approaching on Dyar avenue, the same would constitute negligence. If you further find that said negligence was a proximate cause of the accident and that plaintiff himself was free from negligence, as I have defined negligence to you as it applies to a child of his years,—then your verdict shall be for the plaintiff."

We note that the requests to charge seem proper under the circumstances of this case. We have however reviewed the charge given by the trial judge. We believe that all 4 of the topics covered in plaintiff's request to charge were covered, although in different words, by the judge's charge to the jury.

We find that at one point, the trial judge did say as follows:

"Unless you find the defendant's carelessness was the real cause of the accident, not contributed to by anything else, then he may not recover."

We believe this was error. The phrase should have read, "*a* real cause of the accident." *Schattilly v. Yonker,* 347 Mich 660; *Brackins* v. *Olympia, Inc.,* 316 Mich 275 (168 ALR 890); *Camp* v. *Wilson,* 258 Mich 38; 4 Blashfield, Cyclopedia of Automobile Law and Practice (Perm ed), § 2551.

However, on motion for a new trial based on claimed errors in the trial judge's charge to the jury we consider the charge as a whole. *Miller* v. *Cook,* 292 Mich 683; *Zebell* v. *Krall,* 348 Mich 482.

We have considered at some length the question as to whether the error referred to prejudiced the outcome of this trial. Under the total charge and under all the evidence which has been recited, we do not believe that it did, or that a reversal for new trial would produce a different result. CL 1948, § 650.28 (Stat Ann 1943 Rev § 27.2618).

We find no error in the rulings of the trial judge upon admission or exclusion of evidence. The verdict of the jury was not against the great weight of the evidence; and in law actions we do not, on appeal, try disputes of fact *de novo. Bishop* v. *New York Central R. Co.,* 348 Mich 345; *Gleason* v. *Sutter,* 350 Mich 292.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, VOELKER, and KAVANAGH, JJ., concurred.