### SHREVE v LEAVITT

1. TRIAL—JURY—INSTRUCTIONS TO JURY—ADEQUACY.

   The adequacy of instructions to the jury must be determined from the instructions as a whole, not from fragments.

2. AUTOMOBILES—NEGLIGENCE—INSTRUCTIONS TO JURY—PROXIMATE CAUSE—BURDEN OF PROOF.

   An instruction to the jury which charged that the plaintiffs who were passengers in an automobile which was in a collision with the defendant's automobile had the burden of proving that defendant's conduct was *the* proximate cause of plaintiffs' injuries was prejudicial error because the jury should have been instructed that the plaintiffs' burden of proof was that the negligence of the defendant was *a* proximate cause and not *the* proximate cause of the injuries to the plaintiffs; the trial court in using the word "the" misstated the applicable law and failed to incorporate "either expressly or implicitly" the substance of plaintiffs' requested standard jury instruction on the question of proximate cause (SJI 15.05, 21.02[A]).

3. AUTOMOBILES—NEGLIGENCE—JURY—INSTRUCTIONS TO JURY—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE.

   It is vital that a jury in a negligence case arising out of the collision of two automobiles understand that, even if the driver of an automobile in which plaintiffs rode was a contributing cause of the plaintiff-passengers' injuries, the defendant driver of the other car could still be liable if his conduct was *a* proximate cause of the injuries sustained; therefore, jury instructions that plaintiffs can recover only if the negligence of the defendant driver was *the* proximate cause of the injuries to the plaintiffs were prejudicially erroneous.

Appeal from Hillsdale, Kenneth G. Prettie, J. Submitted Division 2 November 7, 1973, at Lansing. (Docket No. 15380.) Decided January 15, 1974.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 509.
[2, 3] 58 Am Jur 2d, Negligence §§ 138, 148, 163, 261.

Complaint by Cloyd Shreve and Mildred Shreve against William J. Leavitt, for damages arising out of an automobile accident. Verdict and judgment for defendant. Plaintiffs appeal. Reversed and remanded for new trial.

*Kelly, Kelly & Kelly,* for plaintiffs.

*Parker & Hayes,* for defendant.

Before: Bashara, P. J., and McGregor and Bronson, JJ.

McGregor, J. On June 28, 1972, the jury returned a verdict of no cause of action in this automobile negligence action. Plaintiffs' motion for a new trial was denied in an order of September 18, 1972, and they appeal.

This case arises out of an automobile accident which occurred in the afternoon of November 8, 1969, on US-12 near Hog Creek Road, west of Allen, Michigan. At the time of the accident, plaintiffs were accompanying John Vaira, a friend for many years, on a trip to Lebanon, Indiana, to visit his sister in connection with an illness in the family. After proceeding west on US-12 out of Allen, Michigan, Vaira began following three cars and decided to pass them. While passing the second car, the defendant's car, the lead vehicle in this line of three cars, turned left and the right side of Vaira's car struck the left side of the Leavitt automobile. Vaira testified that he was about one car-length from the defendant's car when the defendant started to turn left onto Hog Creek Road. Vaira further testified that he confronted the defendant at the scene and asked him why he had failed to use his turn signal.

The intersection at which this accident occurred

is located about 0.35 miles west of a hill; as one drives up the hill, a yellow line in the middle of the road indicates a no-passing zone. Vaira asserted that he began to pass the line of automobiles once he came into the passing zone, which begins after one comes over the crest of the hill.

Plaintiffs, as indicated, were passengers in the Vaira car. Mildred sat in the middle of the front seat and Cloyd sat on the right side. Mildred testified that while passing the line of cars, the third car—defendant's—pulled out and collided with the car in which she was riding, and that her head hit the rearview mirror and her knees struck the dashboard, and in addition, some fragments of glass lodged in one of her eyes when Cloyd's head struck and shattered the windshield. Cloyd also testified as to the defendant's vehicle pulling out to turn left, and said that he hit the windshield with his head, struck the dashboard with his chest, and was knocked unconscious upon the impact of the two automobiles. The plaintiffs were treated in the emergency facilities at the Hillsdale Community Health Center and released.

Cloyd, employed by Consumers Power Company for 20 years as a "set-up man", put together stoves and refrigerators for a living; his job involved moving and lifting appliances. His doctor testified that the hiatus hernia which Cloyd sustained was a direct result of the accident, although it was possible that the hernia could have been caused by 20 years of lifting and moving appliances. The doctor opined that Cloyd's condition was permanent, and that, as a consequence of the hernia, Cloyd had a dietary problem and could eat only bland foods. Upon redirect examination, the doctor again reaffirmed his opinion that the hernia was caused by the accident.

The defendant testified that his automobile was struck when the left front tire was on the shoulder of the road, indicating that he was in the course of his turn when struck by the Vaira car; he further testified that he did not hear a horn, that his turn signal was in proper working condition, and that he looked into his rearview mirror when he was 0.35 miles from the intersection of US-12 and Hog Creek Road. When he did so, he noticed that some cars were following him; he checked his mirrors again when he was 0.2 of a mile from the intersection and activated his turn signal at that point. Travelling about five to ten miles per hour, defendant again looked at his mirrors about 30 feet from the intersection and did not see Vaira coming behind him. Defendant stated that he never saw Vaira's car before he was hit. Mr. Vaira said that he was travelling about 65 miles per hour; Mildred Shreve stated that Vaira was travelling about 60 to 65 miles per hour when he was passing the automobiles.

Richard McCrea, defendant's brother-in-law, was a passenger in the defendant's car at the time of the accident. McCrea testified that he did not hear a horn before the crash and that the defendant activated his turn signal about 0.2 of a mile before the intersection.

A Michigan state police trooper who investigated the accident, although not a witness to the crash, testified that the defendant might have committed a possible violation of the motor vehicle code by making an improper left turn, and also, that Vaira had possibly violated that code by improperly passing the cars in front of him.

In instructing the jury, the trial court stated that Vaira's negligence may not be attributed to the plaintiff, but that Vaira's conduct could be

considered in determining if it was a proximate cause of the accident. The court then referred to various statutes regarding the operation of a motor vehicle, and remarked that if the defendant had violated the statutes, the jury was to determine whether or not the violation was the proximate cause of accident. The court also referred to various statutes, especially regarding speed and being able to stop within the "assured clear distance ahead", in connection with Vaira's conduct.

The trial court defined proximate cause and stated that there may be more than one proximate cause. However, the court also instructed the jury:

"The plaintiffs here, Mr. and Mrs. Shreve, have the burden of proof on the following propositions: First, that the plaintiffs were injured. Second, that the defendant was negligent in one or more of the ways claimed by the plaintiff, and that the negligence of the defendant was *the* proximate cause of the injuries to the plaintiffs." (Emphasis added.)

Before sending the jury to deliberate, the court asked if plaintiffs' attorney had any objections to the instructions. When plaintiffs' counsel replied affirmatively, the court sent the jury out, while the plaintiffs' attorney made his objections to the jury instructions. Plaintiffs' attorney objected to the instructions which told the jury that it could not consider Vaira's conduct to determine whether or not it was a proximate cause of the accident, arguing that the court should have told the jury that Vaira must have been the proximate cause to preclude the plaintiffs from recovering. Plaintiffs' counsel also objected to the court's instruction regarding Vaira's possible violations of various statutes, and said that the court erroneously used the word "the" instead of the word "a" when it gave the plaintiffs' proposed instruction regarding

proximate cause, citing Standard Jury Instruction 15.05. The objections were noted on the record.

Thirty minutes later, the jury returned a verdict of no cause of action.

Although plaintiffs have raised and argued four issues on appeal, we find consideration of one dispositive, namely, whether the trial court erred reversibly in interchanging the words "a" and "the" in his instructions to the jury on the question of proximate cause.

Plaintiffs' counsel requested the court to instruct the jury on plaintiffs' burden of proof, in accordance with SJI 21.02. The trial court, rather than giving the instruction as requested, said that the plaintiffs had to prove that "the negligence of the defendant was the proximate cause of the injuries to the plaintiffs" and that the jury should decide for the plaintiffs if it was proven that they were injured, that the defendant was negligent, and that the defendant's negligence was "the proximate cause of plaintiffs' injuries".

Pursuant to SJI 21.02(A), the jury should have been instructed "that the negligence of the defendant was *a* proximate cause of the injuries to the plaintiffs". (Emphasis added.)

At a number of other points in his instructions to the jury, the trial court similarly interchanged the words "a" and "the" when referring to the question of proximate cause.

We, of course, must determine whether or not the instructions "as a whole rather than in excerpts" were prejudicially erroneous. *People v Spaulding,* 42 Mich App 492, 496; 202 NW2d 450, 452 (1972), *lv den,* 388 Mich 809 (1972). As this Court has recently noted: "The adequacy of instructions must be determined from the instruc-

tions as a whole, not from fragments". *People v Edwards,* 47 Mich App 307; 209 NW2d 527 (1973).

Having carefully reviewed the instructions in their entirety, we find them to be prejudicially erroneous and, accordingly, reverse this case and remand for a new trial.

As in many negligence cases, one of the most crucial factual questions for jury determination in this case was whether defendant's conduct was a proximate cause of plaintiffs' injuries. The concurrent, and possibly negligent, conduct of Mr. Vaira obscured the issue further and made indispensable legally accurate instructions on the question of proximate cause. It was vital to plaintiffs' case that the jury understand that, even if Mr. Vaira's conduct was a contributing cause of plaintiffs' injuries, the defendant could still be liable if his conduct was *a* proximate cause of the injuries sustained. By charging that the plaintiffs had the burden of proving that defendant's conduct was *the* proximate cause of plaintiffs' injuries, the trial court misstated the applicable law and failed to incorporate "either expressly or implicitly" the substance of plaintiffs' requested instruction on the question of proximate cause. *McKine v Sydor,* 387 Mich 82, 86; 194 NW2d 841, 843 (1972). In light of the close and confusing factual question presented to the jury regarding the issue of proximate cause, we are unable to conclude that the erroneous instruction did not prejudice the plaintiffs. *Cf. Schattilly v Yonker,* 347 Mich 660, 670; 81 NW2d 343, 348 (1957); *Reynolds v Majewski,* 351 Mich 492, 496; 88 NW2d 405, 408 (1958); *Middleton v Smigielski,* 366 Mich 302, 306; 115 NW2d 84, 86 (1962).

Reversed and remanded for new trial.

All concurred.