MARALDO ASPHALT PAVING, INC. v HARRY D. OSGOOD COMPANY, INC.

1. CONTRACTS—BREACH—DAMAGES—MITIGATION OF DAMAGES—DUTY.

It is the duty of the party injured through a breach of contract to mitigate damages and thereby minimize his loss.

2. CONTRACTS—BREACH—DAMAGES—MITIGATION OF DAMAGES—BURDEN OF PROOF.

The burden of proof is upon the party who breached a contract to show that the injured party has not used every reasonable effort within his control to mitigate damages.

3. CONTRACTS—BREACH—DAMAGES.

Damages allowed for breach of contract are designed to put the injured party in as good a position as he would have been in if the performance had been rendered as promised.

4. CONTRACTS—BREACH—MEASURE OF DAMAGES.

The standard measure of damages to be awarded to a party in a breach of contract case is the contract price less the cost of completion; therefore, a subcontractor who agreed to surface a parking lot and who was discharged for continual procrastination of performance was entitled to the contract price less the amount paid to another contractor to complete the work.

**Appeal from Oakland, William P. Hampton, J. Submitted Division 2 April 8, 1974, at Lansing. (Docket No. 16575.) Decided May 21, 1974.**

**Complaint by Maraldo Asphalt Paving, Inc., against Harry D. Osgood Company, Inc., for damages for breach of contract. Judgment for plaintiff. Defendant appeals. Reversed and remanded.**

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17 Am Jur 2d, Contracts § 444.
[3, 4] 17 Am Jur 2d, Contracts §§ 441–447.

*Moore, Sills, Poling & Wooster,* for plaintiffs.

*Elsman, Young & O'Rourke* (by *Edward M.* *Bunn),* for defendant.

Before: McGREGOR, P. J., and R. B. BURNS and O'HARA,* JJ.

McGREGOR, P. J. Plaintiff and defendant entered into an agreement January 7, 1969, whereby the plaintiff as subcontractor agreed to provide for the surfacing of a parking field on the property of the Michigan Bell Telephone Company, in Detroit. The contract required plaintiff to place asphalt paving and crushed stone surfacing on the property and to do some minor landscaping work. Defendant, as contractor, agreed to pay plaintiff $22,500 for its work.

On or about July 15, 1969, defendant notified plaintiff that the site would be ready for paving the week of July 28, 1969. Defendant further notified plaintiff that the parking field had to be completed by September 1, 1969, as Michigan Bell needed the area for employee parking. Because of the failure of plaintiff to make satisfactory progress toward the completion of the project, defendant discharged the plaintiff and retained another contractor to complete the work. Plaintiff then brought this action under the contract. The trial court awarded plaintiff damages in the sum of $11,321.51, which represents the expenditures made by the plaintiff prior to its discharge from the contract by defendant. Defendant has filed this appeal to challenge the manner in which the trial court computed and awarded damages to the plaintiff.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Three sums of money are important in the resolution of this issue: (1) the contract price of $22,500, (2) the plaintiff's expenditures in the amount of $11,321.51, and (3) the sum of $15,612, which represents the amount which defendant paid the new contractor, Fairway Paving, for completion of the project.

The trial court has favored us with a lengthy and well-reasoned opinion in which it found that the plaintiff breached the contract because of continual procrastination in the performance of its work; that defendant gave plaintiff reasonable notice of discharge; and that defendant properly retained another contractor to complete the work.

These findings of fact are not clearly erroneous and are not challenged on appeal; thus we have no occasion to disturb them. GCR 1963, 517.1.

However, the trial court placed the burden of proof with respect to the issue of mitigation of damages upon the injured party, the defendant. The trial court clearly erred in so doing. The law is well settled in the State of Michigan that it is the duty of the party injured through the breach of contract to mitigate damage and thus minimize his loss. *Ambassador Steel Co v Ewald Steel Co,* 33 Mich App 495; 190 NW2d 275 (1971). It is equally clear that the burden of proof is upon the party who breached the contract to show that the injured party has not used every reasonable effort within his control to minimize damage. *Edgecomb v Traverse City School Dist,* 341 Mich 106; 67 NW2d 87 (1954). In improperly placing the burden of proof upon the defendant, the trial court found that the amount of $15,612 paid to Fairway by defendant for completion of the project was excessive. Had the burden of proof with respect to mitigation of damages been properly placed on

plaintiff, the trial court should then have considered whether the evidence was sufficient to show that defendant failed in its duty to mitigate damages.

The trial court's finding, that defendant acted improperly in not contracting the job out to Fairway on a set price and that the amount of $15,612 paid to Fairway was excessive, is probably attributable to the trial court's understandable error with respect to the burden of proof. The sum of $15,612 may appear excessive in comparison with the $7,689 claimed by plaintiff to be the reasonable cost of completion. Under the circumstances, however, defendant was under severe pressure to have the project completed by September 1st. This difficult situation is directly attributable to the nonperformance and breach of contract by plaintiff, rather than to any actions taken or not taken by defendant.

This Court has stated that the object of the measure of damages is to put the injured party in as good a position as he would have been in if the performance has been rendered as promised. *Dierickx v Vulcan Industries,* 10 Mich App 67; 158 NW2d 778 (1968); *Ambassador Steel Co v Ewald Steel Co, supra,* 505. Under this standard the unfairness and inequity of the trial court's computation and award of damages in this case is readily apparent. The effect of the award of $11,321.51 is to fully compensate plaintiff for its expenditures while penalizing the innocent party, the defendant, by an amount of $4,433.51. This penalty represents the excess of the sum of the trial court's award ($11,321.51) plus the cost of completion ($15,612) over the original contract price of $22,-500.

The standard measure of damages to be awarded

to a party in a breach of contract case is the contract price minus the cost of completion. In this case, with a contract price of $22,500 and a cost of completion of $15,612 (which—as previously indicated—was not unreasonable, under the circumstances), plaintiff should properly have been awarded damages in the amount of $6,888.

The trial court properly denied a counterclaim by defendant in the amount of $844. Therefore, the sum of $11,321.51 awarded to plaintiff by the trial court should be reduced to the sum of $6,888.

Reversed and remanded for entry of a judgment in accordance with this opinion. Costs to defendant.

All concurred.