MURPHY v SOBEL

1. WITNESSES—EXPERT WITNESSES—MEDICAL MALPRACTICE—STAN-
    DARD OF CARE—BURDEN OF PROOF.

    It is a general rule in medical malpractice actions that expert
    testimony is essential to establish that a doctor has violated a
    required standard of care unless the injury complained of is of
    such a nature that a layman could find negligence, and the
    burden of producing expert testimony at trial is on the plaintiff
    where it is necessary to prove his case.

2. WITNESSES—EXPERT WITNESSES—EXCHANGE OF LISTS—COURT RULES
    —ADDING WITNESSES—GOOD CAUSE—DISCRETION.

    The court rules applicable to Wayne County require that witness
    lists be exchanged before the date set for a pretrial conference
    and that no witness, including expert witnesses, may be called
    at the trial of the case unless listed in that exchange except by
    leave granted upon a showing of good cause; therefore, where a
    plaintiff failed to persuade a trial court that his motion to
    name an additional witness was based upon sufficient reasons
    to constitute good cause, and there was no abuse of discretion,
    the motion was properly denied (GCR 1963, 301.10, Wayne
    County Circuit Court Rule 12.1).

3. WITNESSES—EXPERT WITNESSES—DETERMINING TESTIMONY—RE-
    PLACING WITNESS—COURT RULES—FAIR TRIAL.

    A plaintiff who submits the name of an expert on a witness list
    prior to a pretrial conference as a witness for the plaintiff
    without first contacting that expert to determine whether he
    will in fact testify for the plaintiff is not denied a fair trial
    where he later discovers that the expert's testimony is not in
    his favor and the court in compliance with the court rules

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur 2d, Expert and Opinion Evidence § 19.
    61 Am Jur 2d, Physicians and Surgeons § 198.
[2, 3] 81 Am Jur 2d, Witnesses § 74.
[4] 30 Am Jur 2d, Evidence § 1080 *et seq.*
    75 Am Jur 2d, Trial § 164.
    76 Am Jur 2d, Trial § 1133 *et seq.*

properly refuses to allow counsel to replace the expert (Wayne County Circuit Court Rule 12.1).

4. EVIDENCE—VERDICTS—WEIGHT OF EVIDENCE—NEW TRIAL—ABUSE OF DISCRETION—APPEAL AND ERROR.

A claim that a verdict is against the great weight of the evidence can only be raised by a motion for new trial, and denial of that motion will not be disturbed on appeal absent an abuse of discretion.

Appeal from Wayne, George T. Martin, J. Submitted October 15, 1975, at Detroit. (Docket No. 20134.) Decided December 4, 1975.

Complaint by Jessie Murphy against Robert A. Sobel, M. D., for damages arising from medical malpractice. Judgment for defendant. Plaintiff appeals by leave granted. Affirmed.

*Temple & Cutler,* for plaintiff.

*Sullivan, Ranger, Ward & Bone,* for defendant.

Before: V. J. BRENNAN, P. J., and BASHARA and R. M. MAHER, JJ.

PER CURIAM. Plaintiff on January 15, 1971, commenced a medical malpractice action against defendant. Following a four day trial, the jury returned a verdict of no cause of action in favor of defendant. Plaintiff appeals, raising two issues.

First, plaintiff claims the trial court, by refusing to allow counsel to name and replace a medical expert witness several weeks prior to the trial date, abused its discretion and thus prevented plaintiff from having a fair trial. An examination of the record indicates to us that plaintiff's counsel was not seeking to replace a witness, he never had a witness.

In his complaint, plaintiff stated he sustained a

traumatic amputation of certain fingers on his left hand and that he subsequently underwent certain operative procedures in anticipation of a tendon transplant which was to hopefully give movement to the ring finger on his left hand. On February 20, 1970, plaintiff was admitted to Sinai Hospital for the purpose of allowing defendant to undertake the second stage of the tendon graft operation and while plaintiff was anesthetized, defendant incised plaintiff's median nerve in the left forearm instead of the palmaris longus tendon. Plaintiff claims that as a result of defendant's negligence, he sustained permanent injury to his left wrist and hand.

Defendant admitted that the incision was made at the level of the wrist and that after what was thought to be the palmaris longus tendon was isolated and divided, it was discovered to be the median nerve. However, defendant stated that immediate repairs of the median nerve were carried out and denied violating any standard of care. Defendant indicated that the result achieved was not unanticipated since the success rate for grafts in such a situation can never be guaranteed.

The general rule in Michigan is that expert testimony is essential to establish that a doctor has violated the required standard of care unless the injury is of such a nature that laymen could find negligence. *Heins v Synkonis*, 58 Mich App 119; 227 NW2d 247 (1975), *Lince v Monson*, 363 Mich 135; 108 NW2d 845 (1961). Thus, plaintiff had the burden of producing expert testimony at trial if he deemed it necessary to prove his case.

The record discloses that plaintiff did not respond to an interrogatory propounded to him by defendant on December 6, 1971, requesting disclosure of the names of experts who would testify as

to the standard of care nor did he respond to interrogatories dated March 8, 1972, requesting the same information. At a pretrial conference held May 4, 1972, plaintiff's statement of witnesses declared "orthopedic surgeons as to standard of care". The pretrial summary which is an order of the court, see *Kromat v Vestevich,* 14 Mich App 291; 165 NW2d 428 (1968), directed plaintiff to furnish to defendant, within 15 days thereof, the identity of his expert. The allotted time passed and once again the information was not supplied.

On June 7, 1972, plaintiff's counsel informed defendant that "if experts are necessary to testify", plaintiff would call one or more of nine named doctors. These names included defendant doctor. Following motions filed by defendant on June 12 and July 20, 1972, plaintiff was ordered by the trial court to limit this group of experts to three. On January 15, 1973, plaintiff's counsel indicated that he would call the following medical experts as to the standard of care: Dr. Poretta, Dr. Bailey and/or Dr. Esslinger.

Pursuant to court order and with copies forwarded to counsel for plaintiff, counsel for defendant wrote to plaintiff's named experts, enclosing subpoenas for the purpose of deposing each doctor and informing him that his name had been filed with the court as a medical witness who would testify at trial that defendant had violated the appropriate standard of care. The record discloses that each of the doctors contacted by defense counsel responded that they did not know plaintiff or his attorney and that they had never been contacted by him to testify. The record further discloses that Dr. Esslinger was upset about being listed as a witness for plaintiff and when given the fact situation by defense counsel, indicated that if

defense counsel so desired, he would be willing to testify on defendant's behalf.

On May 18, 1973, the trial court heard arguments on plaintiff's motion to name an additional medical expert to replace Dr. Esslinger. A careful reading of the transcript indicates that the trial court would have granted plaintiff's request if it could be shown that Dr. Esslinger had switched positions in the matter. The court indicated that it would be willing to schedule a hearing with the doctor present to determine if in fact he had changed sides or, in the alternative, the court suggested that plaintiff's counsel depose the doctor for the purpose of determining the issue. Counsel for plaintiff refused both suggestions and his motion was denied.

At trial, plaintiff's counsel did not call Doctors Poretta or Bailey even though they too were listed as medical experts as to the standard of care. Dr. Esslinger, called by defendant, emphatically denied on cross-examination that he had ever been contacted by counsel for plaintiff and that prior to his being contacted by defense counsel, he had never even heard about the case.

GCR 1963, 301.10 requires that a witness list be exchanged before the date of the pretrial conference. The subrule provides in part:

"No witness may be called at the trial of the case unless listed in such exchange of witnesses, except by leave granted upon showing of good cause."

This rule is supplemented by the provisions of Wayne County Circuit Court Rule 12.1 which states:

"Attorneys of record or parties in pro per shall be notified by mail of the assignment of an action for pre-

trial at least ten (10) days before the date set for hearing.

"Within ten days from the date of receipt of the pretrial notice each party shall file a written list of witnesses with the court and opposing counsel. Witnesses shall not be thereafter added to this list except upon order of the court for good cause shown.

"No party shall be permitted in any trial to call any witnesses, *including expert witnesses,* not listed in accordance with this rule, except as the trial judge in his discretion may allow, where good cause is shown for not having listed witnesses." (Emphasis supplied.)

It seems clear to us that plaintiff's counsel, over a period of 2-1/2 years, did not diligently seek and obtain a medical expert to establish the required standard of care. There is no reason to assume that if given additional time he could have done so since no additional names of potential experts were ever proffered to the trial court at either the May 18, 1973, hearing on the motion or at the time of trial, June 19, 1973. Plaintiff was not seeking to replace a witness. He had never found one. Plaintiff failed to persuade the trial court that his motion was based upon sufficient reasons to constitute good cause and we agree. The trial judge did not abuse his discretion.

Plaintiff's other issue on appeal is that the jury's verdict of no cause of action was contrary to the great weight of the evidence. Whether a verdict is against the great weight of the evidence can only be raised by a motion for new trial. *Walls v Transamerican Freight Lines,* 37 Mich App 307; 194 NW2d 422 (1971). It is the denial of that motion which is reviewable on appeal for an abuse of discretion. *Carpenter v Cleveland,* 32 Mich App 213; 188 NW2d 248 (1971). The trial judge did not abuse his discretion.

Affirmed. Costs to defendant.