FROLING v BISCHOFF

1. CONTRACTS—BREACH—DAMAGES—MITIGATION OF DAMAGES—BURDEN OF PROOF.

The injured plaintiff, in a breach of contract case, must make every reasonable effort to minimize the damages suffered, and it is the burden of the defendant to show in mitigation of the damages claimed that the plaintiff has not used every reasonable effort within his power to minimize his damages.

2. APPEAL AND ERROR—BRIEFS—LACK OF AUTHORITY—LACK OF ARGUMENT—INSUFFICIENT GROUNDS.

A mere statement of position concerning a trial issue without argument or citation of authority is insufficient for a claim of error or consideration by an appellate court.

3. APPEAL AND ERROR—JURY—INSTRUCTIONS TO JURY—EVIDENCE—PROPER STANDARD.

Jury instructions are not erroneous where the jury, after instruction, possesses the proper standard upon which it can determine the true facts.

4. JURY—INSTRUCTIONS TO JURY—CAUSES OF ACTION—TRIAL—SEPARATION OF CAUSES.

A trial judge's instructions did not improperly suggest derivative liability as opposed to an independent cause of action in a case in which there were two defendants, where the instructions carefully separated the two defendants by consistently reminding the jury that two separate law suits were being tried and separating the defendants when giving the theories of the parties and the elements of their causes of action, and where the separation of defendants was understood by the jury, as

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contracts §§ 441–447, 521.
[2] 5 Am Jur 2d, Appeal and Error § 684 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 807.
[4] 75 Am Jur 2d, Trial § 7 *et seq.*
[5] 30 Am Jur 2, Evidence § 1104 *et seq.*
[6, 7] 5 Am Jur 2d, Appeal and Error §§ 807, 817.
[8, 9] 58 Am Jur 2d, New Trial §§ 129–147.

evidenced by a verdict of no cause for action as to one defendant and a verdict of not liable as to the other.

5. JURY—INSTRUCTIONS TO JURY—ADEQUACY.

Instructions of a trial judge to a jury must be reviewed as a whole and not by selective excerpts.

6. APPEAL AND ERROR—JURY—INSTRUCTIONS TO JURY.

Instructions which include an incorrect proposition of law do not result in reversible error where there is no specific objection at trial and the trial judge was careful to cure the error by explaining the theory of the claim presented and later stated the correct rule with advice to the jury to follow the law as given by the court.

7. EVIDENCE—JURY—WEIGHT OF EVIDENCE.

The evidence considered and the weight accorded to it is for the trial jury only.

8. NEW TRIAL—EVIDENCE—VERDICTS—WEIGHT OF EVIDENCE—MOTIONS.

Whether a verdict is against the great weight of evidence can only be raised by a motion for a new trial.

9. NEW TRIAL—MOTIONS—EVIDENCE—JURY VERDICT—VERDICTS—ABUSE OF DISCRETION.

A trial judge has not abused his discretion in denying a motion for a new trial where the facts and evidence support the verdict of the jury.

Appeal from Macomb, Raymond R. Cashen, J. Submitted June 11, 1976, at Detroit. (Docket No. 24167.) Decided February 2, 1977.

Complaint by William P. Froling against Richard J. Bischoff for breach of a rental contract and against F. Joseph Lamb Company on a tort theory that Lamb caused or persuaded Bischoff to commit the breach. Judgment for defendants. Plaintiff appeals. Affirmed.

*Ciaramitaro & Szot,* for plaintiff.

*Schwartz & Juneau,* for defendant Bischoff.

*Kerr, Wattles & Russell* (by *Robert R. Nix, II),* for defendant F. Joseph Lamb Company.

Before: R. M. Maher, P. J., and T. M. Burns and W. Van Valkenburg,* JJ.

W. Van Valkenburg, J. The plaintiff, owner of an office building located at 2101 East Twelve Mile Road, Warren, Michigan, entered into a five-year lease with defendant, Richard J. Bischoff, doing business as Drill Head Design and Machine Engineering, on March 25, 1969. The defendant took possession on April 20, 1969, paid different rental amounts for the first three months as provided in the lease, and $1,375 for a period of 11 months. In July, 1970, the defendant requested permission to pay the agreed sum late and only one half of the agreed rental during the months of August and September, 1970. The plaintiff accepted this arrangement with the understanding that the back rent would be brought up-to-date sometime in the future. The defendant, however, continued to experience financial reverses, reduced his staff from 19 to 4 employees, and moved out of the premises in October of 1970. This suit was brought for the purpose of collecting rent because of the breach of contract.

The complaint against F. Joseph Lamb Company, a manufacturer of machines for the major automobile companies, is a tort action, based on the theory that Lamb caused or persuaded Bischoff to commit the breach.

Remaining facts will be discussed in connection with the issues which will be considered *seriatim.*

Following a vehemently argued trial running from March 4 to 11, 1975, where conflicting and

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

contested evidence was offered, the jury returned a verdict in favor of Bischoff as not being "liable for damages", and for Lamb, "no cause of action".

From the entry of judgment on the verdicts and denial of motions for a new trial or a judgment notwithstanding the verdict, plaintiff appeals as of right.

I. *Is the burden of proof on the breaching lessee to show mitigation of damages, and can that burden be sustained in the absence of expert testimony?*

Fortunately, the Supreme Court has answered the question in *Rich v Daily Creamery Co,* 296 Mich 270, 282; 296 NW 253 (1941):

> "There is no question but that it is a well-established rule that in case of a breach of contract the injured party must make every reasonable effort to minimize the damages suffered and that it would be the duty of the court upon request so to charge the jury. We hold, however, under the authorities that the burden is upon the defendant to show in mitigation of the damages claimed that the plaintiff has not used every reasonable effort within his power so to minimize his damages. *Tradesman Co v Superior Manfg Co,* 147 Mich 702 [111 NW 343 (1907)]; *Flickema v Henry Kraker Co,* 252 Mich 406 [233 NW 362 (1930)] (72 ALR 1046); *Milligan v Haggerty, ante* [296 Mich 62; 295 NW 560 (1941)], 62. The same rule is applicable in tort actions as in actions for breach of contract."

This principal of law was reaffirmed in *Reinardy v Bruzzese,* 368 Mich 688, 691; 118 NW2d 952 (1962):

> "From this it is evident that the rule is that the duty rested upon the plaintiff to mitigate his damages, but the burden of proof on that subject rested on defendants."

Also see *Maraldo Asphalt Paving, Inc v Harry D Osgood Co, Inc,* 53 Mich App 324, 326; 220 NW2d 50 (1974).

As previously noted, the efforts to mitigate the damages were somewhat in conflict. The plaintiff admitted the use of the area for a Christmas party in 1970 and that he had stored some desks there. Also, it was admitted that Froling had collected $5600 from another tenant and that he had retained the security deposit of $2,750. There was some advertising of the available space and apparently an agent had made some efforts to relet the space. The defendants claimed in this connection, that the plaintiff had refused to rent the premises to several firms which had attempted to do so. Further, it should be observed that a witness for Froling on rebuttal stated that the question of lowering the rental to attract a tenant had not been considered.

The plaintiff asserts that no evidence was presented concerning the rental market by expert testimony. He cites no authority for this position and we find none from independent research.

"It is well settled that mere statement of a position without argument or citation of authority is insufficient to be considered by an appellate court." *Haynes v Monroe Plumbing & Heating Co,* 48 Mich App 707, 719; 211 NW2d 88 (1973).

Patently, the confused evidence presented a question of fact to be determined by the jury. As given, the instructions were proper. Perhaps the trial judge might have been more elaborate in the law, but his instructions comply with the authority previously cited. The jury possessed the proper standard upon which it could determine the true facts. We find no error on this issue.

II. *Did the trial judge while instructing the jury
improperly suggest that Lamb's liability was
derivative as opposed to an independent cause
of action?*

For a clear understanding of this issue, it should
be understood that Lamb had furnished Bischoff
with about half of his business, but finally decided
to do his own drafting because of reduction in
business. The plaintiff claimed that Bischoff
breached his contract on the promise that some
work would be forthcoming from Lamb. For proof
of this he relied on an alleged statement, denied
by defendants, as follows:

" * * * Get out of the penthouse and we'll give you
more business."

During the trial the attorneys and the court
consistently reminded the jury that two separate
law suits were being tried. In its instructions the
court carefully separated the two defendants when
giving the theories of the parties. The court listed
the elements of plaintiff's cause of action against
Bischoff and then the elements of the cause of
action against Lamb Company. The trial court
then stated:

"Members of the jury, if you conclude that plaintiff
has carried out the burden of proof against one or both
of the defendants, then it is your duty to go from that
point to the question of damages. If plaintiff has not
carried the burden against defendant, then obviously
you don't go any further. You have decided the case
right there, but if you do conclude that plaintiff is
entitled to recover against one or more of the defend-
ants, then you are to consider awarding damages result-
ing from the breach of the lease, whatever damages you
find result from the breach of the lease and in this

instance you don't have too much leeway because the rental is the element of damages."

After suggesting that the jury first consider the Froling-Bischoff controversy, the court then gave the instruction involved in this issue:

"Once you have disposed of the matter in regards to the Defendant Bischoff, I would suggest that you go to the Defendant Lamb, and decide if plaintiff is entitled to recover against Defendant Lamb.

"If the plaintiff is not entitled to recover against the Defendant Lamb, you tell me so, 'we find no cause of action against the Defendant Lamb.'

"If plaintiff is entitled to recover against Defendant Lamb then you would come back with the same verdict against both Bischoff and Lamb because the damages I tell you are the same in both cases, then you would tell me, 'we find for plaintiff against Bischoff and Lamb in the amount of so many dollars.' "

Froling claimed, especially in the motion for a new trial, that the above instruction confused the jury and led them to believe that his cause of action against the Lamb company was derivative. We concur in the answer of the trial judge which reads:

"I have discussed the issue of the no cause for action in regards to telling the jury that the damages would be the same. They would be the same. I gave that matter a lot of thought. If the plaintiff was entitled to recover against Lamb he would be entitled to recover the same damages against Bishoff [sic] because the breach of the contract theoretically was being induced by Lamb and the same damages would flow from the breach of contract on the part of Bishoff [sic] would be the same damages on Lamb. .

"However, the balance of the instructions, clearly show that the Court set forth two specific causes of

action, and *apparently the jury understood that because in the Lamb Case they returned a verdict of no cause for action and in the Bishoff* [sic] *case they returned a verdict of not liable. They made a distinction."* (Emphasis added.)

It has been long established that instructions of the trial judge must be reviewed as a whole and not by selective excerpts. *Shreve v Leavitt,* 51 Mich App 235; 214 NW2d 739 (1974), *Federoff v Meyer Weingarden & Sons, Inc,* 60 Mich App 382, 391; 231 NW2d 417 (1975).

The causes of action, although tried together, were carefully separated and the jury acknowledged that fact in its verdicts. The jury simply did not believe that the land company induced Bischoff to breach the lease in question.

Consequently, the instructions were proper but even if not, they would be harmless. The plaintiff's economic loss as he claims was failure to collect the rent and this did not come about, according to the verdict, by any actions on the part of Lamb.

III. *Did the trial court, in presenting defendant's theory of the case to the jury, err by including an incorrect proposition of law?*

The pertinent part complained of on appeal reads:

"It's defendant Bischoff's theory that plaintiff Froling, who had the burden of proof, to rent the premises".

This objection is devoid of merit for two different reasons. First, contrary to the implication of plaintiff's statement in his brief, he did not specifically complain about this statement. Second, the trial

judge was careful to explain that the theory and claim was presented as that of the defendant's. Later, the court stated the correct rule on the burden of proof and advised the jury that they were to follow the law as given by the court.

IV. *Was the verdict of no liability returned by the jury grossly inadequate and unsupported by the evidence when the trial court had directed a verdict in favor of plaintiff on the issue of whether the lease had been broken unjustifiably?*

A conclusion by outside parties as to the evidence considered and the weight thereof by the jury would be a matter of conjecture. As can be seen by the record the jury could have found, from the plaintiff's own testimony, that he accepted a surrender of the premises by the other uses he permitted, or that his efforts to relet the space were unreasonable owing to the fact that no consideration was given for a lower rate, or that he had been adequately compensated, or they could have disbelieved his testimony entirely.

"Whether a verdict is against the great weight of evidence can only be raised by a motion for a new trial." *Murphy v Sobel,* 66 Mich App 122, 127; 238 NW2d 547 (1975).

This was done in the case at bar and we hold that "the trial judge did not abuse his discretion" as shown by the following comments:

"In regards to the specific allegations set forth in the motion for new trial, the issue of inadequacy of the award of the jury, now the thing that complicated this jury award, as I see it, is the fact that the jury started

to deliberate with the understanding that there was an immediate set-off in the amount of $2750.00 for the security deposit, and set-off in the amount of some $5600 because of some rental collected by the plaintiff during the period of time when the lease was obviously still running and that's a total of $8350.

"Now when the jury returned the verdict and counsel was right, I did direct a verdict. That lease was breached by the defendant and I told the jury that and that was not an issue, and on that statement when I spoke about liability, I apparently misspoke myself, but it is clear that the jury didn't take that part of my charge to heart, because when they returned a verdict their verdict was not no cause for action, their verdict was 'not liable.'

"I can only conclude that they found that plaintiff was entitled to recover, but based on all the other circumstances which they apparently found, that $8350 was sufficient compensation for plaintiff and that satisfied this cause of action, and I am not in a position to disagree with that because they had all the facts; they had the $8350 to consider and they had to determine what the actual loss under the contract was. They apparently found that whatever it was it did not exceed the $8350, so I find that the jury did not return a verdict which was grossly inadequate based on those facts."

Therefore, we conclude that the issues raised by the plaintiff are lacking in merit.

Affirmed. Costs to appellees.