KLAGER v ROBERT MEYER COMPANY

Docket No. 78-4462. Submitted November 14, 1979, at Detroit.—Decided February 5, 1980. Leave to appeal applied for.

Wayne G. Klager and others brought an action seeking unpaid rent under a lease for certain land located in the City of Ann Arbor. The lease was with the Robert Meyer Company, that company intending to erect a shopping center upon the land if the necessary zoning changes and construction permits could be secured. The Robert Meyer Company, a partnership, assigned the lease to Packard Platt Plaza, Inc., a corporation formed for the express purpose of limiting the personal liability of the Robert Meyer Company partners. The Robert Meyer Company was dissolved and some of that partnership's activities were undertaken by a newly formed partnership, the Meyer C. Weiner Co. The two partnerships, the corporation, and the members and stockholders of those entities were made defendants to the action to recover rent. Plaintiffs were awarded a judgment by the Washtenaw Circuit Court, Edward D. Deake, J., in the amount of $203,446.59, jointly and severally, against the Robert Meyer Company, Packard Platt Plaza, Inc., Meyer C. Weiner and Benjamin H. Rabin, who were partners in the Robert Meyer Company and stockholders in Packard Platt Plaza, Inc., and Joshua T. Weiner, who was a stockholder in the corporation. Those defendants and defendant Meyer C. Weiner Co. appeal. The individual defendants argue that they were released from personal liability by the assignment of the lease to the corporate defendant and that the provisions of the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 18 Am Jur 2d, Corporations §§ 15-17.
   19 Am Jur 2d, Corporations § 987.
   Inadequate capitalization as factor in disregard of corporate entity. 63 ALR2d 1051.
[2] 18 Am Jur 2d, Corporations § 14.
   19 Am Jur 2d, Corporations § 713.
[3, 4] 5 Am Jur 2d, Appeal and Error §§ 641, 642.
   22 Am Jur 2d, Damages § 200.
[4] 29 Am Jur 2d, Evidence § 127.
[5] 5 Am Jur 2d, Appeal and Error §§ 545, 548, 549.

lease agreement did not create personal liability in the corporate members. Defendants also argue that plaintiffs failed to mitigate their damages as required by law. *Held:*

1. Individual liability of partnership members cannot be avoided by assignment of a lease to an under-capitalized corporation set up for the sole purpose of avoiding such liability. The trial court may properly pierce the veil of the corporate identity where there is fraud, sham or other improper use of the corporate form.

2. The stockholders of the corporation were properly found to be personally liable under the lease provision which provided that, if the lease were assigned to a corporation or other entity, the members of such entities shall assume the obligations under the lease jointly and severally. That language in the lease is sufficient to support the finding of the trial court that it was intended that the stockholders of the corporation be personally liable under the lease.

3. The question of mitigation of damages is not properly raised on appeal, since it was not pled or proved before the trial court.

Affirmed.

BRONSON, P.J., dissented. He would hold that there was sufficient proof established at trial to carry the defendants' burden of proof with respect to showing a failure by plaintiffs to mitigate damages. He would hold that the failure to raise the question of mitigation of damages before the trial court does not preclude consideration of the question on review, since resolution of the issue is necessary to a proper determination of the case and since to so refuse to consider that question would result in a miscarriage of justice. He would remand to the trial court for a hearing on damages in which the trial court would be instructed to reduce the award by any amount which would have been saved if plaintiffs had exercised reasonable efforts to mitigate their damages.

#### OPINION OF THE COURT

1. CORPORATIONS — PIERCING THE CORPORATE VEIL — FRAUD.

Individual liability under a lease cannot be avoided by assignment of the lease to an under-capitalized dummy corporation, since a court can pierce the veil of the corporate identity where there is fraud, sham or other improper use of the corporate form.

2. CORPORATIONS — STOCKHOLDER LIABILITY — LEASE ASSIGNMENT —
   FINDINGS OF FACT.

   Stockholders of a corporation may be found to be personally
   liable under a lease held by the corporation as an assignee
   where the lease provides that, if the lease is assigned to a
   corporation or other entity, all the members of such entities
   shall assume the obligations of the lease jointly and severally;
   that language is sufficient to support a finding that the parties
   intended that the stockholders of any assignee corporation be
   personally liable under the lease.

3. APPEAL AND ERROR — DAMAGES — MITIGATION OF DAMAGES —
   PRESERVING QUESTION.

   The question of mitigation of damages under a lease is not
   preserved for appellate review where the lessee failed to raise
   the question before the trial court and failed to meet the
   burden of proof of showing that the lessor had not used every
   reasonable effort to minimize his damages.

   DISSENT BY BRONSON, P.J.

4. DAMAGES — MITIGATION OF DAMAGES — BURDEN OF PROOF —
   SUFFICIENCY OF PROOF.

   *The burden of proof necessary to establish a lessor's failure to
   mitigate damages on the breach of a lease by the lessee is
   satisfied by the lessee where the lessor admits in his testimony
   at trial that he undertook no efforts to minimize his damages.*

5. APPEAL AND ERROR — PRESERVING QUESTION — EXCEPTIONS.

   *Failure to assert an issue before the trial court will, as a general
   rule, preclude appellate review; however, questions may be
   raised for the first time on appeal where all the facts necessary
   for the resolution of the question have been presented, where
   consideration of such a question on appeal is necessary for a
   proper determination of the case or where consideration of
   such a question is necessary in order to prevent injustice.*

*Ulrich, Pear, Barense & Eggan, P.C.,* for plaintiffs.

*Clark, Hardy, Lewis, Fine & Asher, P.C.,* for defendants.

Before: BRONSON, P.J., and D. C. RILEY and E. A.
QUINNELL,* JJ.

D. C. RILEY, J. Defendants-appellants (hereinaf-
ter called defendant even though there were other
defendants in the trial court) appeal as of right
from the November 17, 1978, judgment of the trial
court awarding plaintiffs $203,446.59 plus seven
per cent interest, pursuant to a lease agreement.

Plaintiffs leased approximately ten acres of land
in Ann Arbor, Michigan, for 50 years at $36,000
per year, to defendant Robert Meyer Company, a
partnership, which intended to erect a shopping
center on the land. Since part of the land was
zoned commercial and part was zoned multiple-
dwelling, the lease was delivered into escrow on
three conditions. First, the lease was to become
legally effective upon the subject premise being
rezoned in its entirety. Second, if the land was not
rezoned by January 3, 1972, then, at the option of
the tenant, the lease could be rendered null and
void on written notice by the tenant. Third, waiver
of the requirement of rezoning would be implied
by the tenant's election not to serve the written
notice.

The partnership never gave written notice of
termination to plaintiffs. In fact, rather than ter-
minate the lease because of rezoning problems, the
partnership assigned its rights and obligations
under the lease to Packard Platt Plaza, Inc., a
corporation formed for the express purpose of
limiting the personal liability of the Robert Meyer
Company partners. Packard Platt Plaza, Inc., was
incorporated with approximately $1,000 capital.
The only assets of the corporation were the lease
and additional funds infused to pay corporate

* Circuit judge, sitting on the Court of Appeals by assignment.

expenses. Plaintiffs gave written consent to the assignment based upon the understanding that the individual partners of Robert Meyer Company would remain liable under the lease.

The Robert Meyer Company was dissolved in February of 1972, and a partnership was formed to perform work (unrelated to the instant transaction) which had been done prior to that time by the Robert Meyer Company. This partnership was called the Meyer C. Weiner Co.

The lease was delivered out of escrow on March 14, 1972, and the parties orally modified the lease in April of 1972. The modification cut the rent from $36,000 to $18,000 per annum; the lessees agreed to pay the real estate commission; the portion of the property zoned multiple was deleted and plaintiffs agreed to pay one quarter of the taxes on the whole parcel. Payments under the lease were still to begin on May 1, 1972.

. The City of Ann Arbor refused to issue a building permit for the smaller development and the defendant corporation lost its mandamus action when the Michigan Supreme Court refused to hear the case in April of 1976. Plaintiffs instituted this action on April 24, 1975, seeking the unpaid rent on the orally modified lease.

Defendants Meyer C. Weiner and Benjamin H. Rabin first contend that they were released from personal liability by the assignment of the lease to the corporation. We do not agree.

Individuals cannot avoid their responsibility by assigning a lease to a corporation formed solely to avoid liability. The notion of a separate corporate identity distinct from those persons composing the corporation is merely a legal fiction. *Montgomery v Central National Bank & Trust Co of Battle Creek,* 267 Mich 142, 147-148; 255 NW 274 (1934).

A corporate veil will be pierced where there is fraud, sham or other improper use of the corporate form. *Williams v American Title Ins Co,* 83 Mich App 686, 697; 269 NW2d 481 (1978).

In the instant case, defendants Meyer C. Weiner and Benjamin H. Rabin intentionally assigned the lease to an under-capitalized dummy corporation for the purpose of avoiding personal liability under the lease. The trial court did not err when it pierced the corporate veil and held defendants Meyer C. Weiner and Benjamin H. Rabin personally liable on the lease. See *Cinderella Theatre Co, Inc v United Detroit Theatres Corp,* 367 Mich 424; 116 NW2d 825 (1962).

The individuals next claim that they are not liable under the following assignment provision contained in the lease:

"In the event this Lease shall be assigned to a partnership, tenancy-in-common, joint tenancy, syndicate, joint venture or similar entity or to more than one person, corporation or other entity, all such persons, corporations and entities and all members of such entities shall assume the obligations of this Lease jointly and severally. Nothing contained herein shall preclude the right of a stockholder or owner of interest at the time of the signing of this Lease to transfer all or part of his or their interest by gift or otherwise, to or for the benefit of his wife, children or heirs."

Under this provision, defendant Joshua T. Weiner was held personally liable as a stockholder of the corporation. The trial court ruled that the understanding of the parties to the lease was the relevant consideration. It concluded that the parties intended to include corporate stockholders within those persons to be personally liable under the lease. The finding of the trial court is not clearly erroneous. GCR 1963, 517.1.

Defendants also contend that plaintiffs failed to mitigate their damages as required by Michigan law. However, defendants did not raise this issue before appealing to this Court. This Court has recognized that a landlord has a duty to mitigate damages when a lessee breaches a lease. *Tel-Ex Plaza, Inc v Hardees Restaurants, Inc,* 76 Mich App 131; 255 NW2d 794 (1977), *Froling v Bischoff,* 73 Mich App 496; 252 NW2d 832 (1977). Under well settled Michigan authority cited in *Froling, supra,* the burden is upon the lessee to show, in mitigation of the damages claimed, that the lessor has not used every reasonable effort within his power to so minimize his damages. In addition to waiving this issue by not presenting it to the trial court, defendants failed to meet this burden.

Defendants' other allegations of error are without merit.

Affirmed.

E. A. QUINNELL, J., concurred.

BRONSON, P.J. *(concurring in part, dissenting in part).* I agree with the majority that the individual defendants were not released from personal liability by the assignment of the lease to the corporation, and that the trial court's finding that the parties intended to include corporate members within those persons to be personally liable under the lease was not clearly erroneous. I respectfully dissent, however, on the issue of mitigation.

As the majority has pointed out, a landlord has a duty to mitigate the damages when a lessee breaches. *Tel-Ex Plaza, Inc v Hardees Restaurants, Inc,* 76 Mich App 131; 255 NW2d 794 (1977), *Froling v Bischoff,* 73 Mich App 496; 252 NW2d 832 (1977). The burden is on the lessee to show that the lessor has not used every reasonable effort

to limit the damages. *Froling v Bischoff, supra.* In the instant case, plaintiff Wayne Klager was questioned regarding his efforts to mitigate his damages:

"Q *[by Terrance Page, attorney for defendants]:* Since May of '72, Mr. Klager, have you been making any efforts to lease the property to others?

"A No.

"Q Have you ever—have you made any efforts to sell this property to others?

"A I have spoken to a number of real estate people but I haven't—we haven't discussed price or anything. I was just seeing if there was a general interest.

"Q But you have never listed the property with a real estate agent or lease for sale?

"A No."

This testimony not only demonstrates that plaintiffs did not make every reasonable effort to minimize their damages; it reveals that they made no such effort at all. I would accordingly hold that defendants met their burden of showing plaintiffs' failure to mitigate.

While it is true that as a general rule issues not raised in the trial court may not be asserted on appeal, the rule is not inflexible and knows several exceptions. Questions may be raised for the first time on appeal where the issue is one of law, and all the facts necessary for its resolution have been presented. *Kahn-Reiss, Inc v Detroit & Northern Savings & Loan Ass'n,* 59 Mich App 1, 12; 228 NW2d 816 (1975). Similarly, the rule will not be applied when consideration of an issue first raised on appeal is necessary to a proper determination of the case. *Prudential Ins Co of America v Cusick,* 369 Mich 269, 283, 290; 120 NW2d 1 (1963). Appellate courts have reserved the authority to consider

manifest and serious errors even though the issue was not raised below in an effort to prevent injustice, and this applies to both civil and criminal cases. *People v Snow,* 386 Mich 586, 591; 194 NW2d 314 (1972). See generally, *Siirila v Barrios,* 398 Mich 576, 610-611; 248 NW2d 171 (1976) (WILLIAMS, J., concurring).

I would hold that under these authorities the question of plaintiffs' failure to mitigate is properly reviewable by this Court. Defendants have been held liable in the amount of $203,446.59 on a lease when plaintiffs have admittedly made no efforts to limit their losses. This Court must reach this issue to make a proper determination of the instant case, and to prevent injustice. I would remand for a hearing on damages, instructing the trial court to deduct the amount that would have been saved if plaintiffs had exercised reasonable efforts to mitigate their damages.