**Jacob T. NILSSON, Plaintiff-Appellant,**

v.

**RUPPERT, BRONSON & CHICARELLI CO., L.P.A., David A. Chicarelli; John D. Smith; James D. Ruppert, Judge; John A. Crist; City of Franklin, Ohio; Mark Clark, Judge; Sherry Mullins, Clerk of the Franklin Municipal Court; William Kaufman, Judge; Barbara Bronson; John Doe, (Member Warren County Bar Association); John Doe, (Member Warren County Bar Association, April–May 1984); John Doe, (Member Grievance and Ethics Committee, May 1984); P. Daniel Fedders, Judge, Defendants–Appellees.**

**No. 88–3541.**

United States Court of Appeals,
Sixth Circuit.

Submitted May 23, 1989.

Decided Oct. 30, 1989.

Rehearing Denied Dec. 1, 1989.

Jacob T. Nilsson, West Carrollton, Ohio, for plaintiff-appellant.

Edward R. Goldman, Rendigs, Fry, Kiely & Dennis, Cincinnati, Ohio, Eric J. Barr, Middletown, Ohio, David M. Green, Hamilton, Ohio, Vickie G. Moreland, Hamilton, Ohio, George D. Jonson, Montgomery, Rennie & Jonson, Cincinnati, Ohio, James M. Moore, Lindhorst & Dreidame, Cincinnati, Ohio, for defendants-appellees.

Before BOGGS, Circuit Judge,
ENGEL, Senior Circuit Judge *, and
GIBSON, District Judge.**

BOGGS, Circuit Judge.

Jacob Nilsson, proceeding pro se, appeals the dismissal of his claim under 42 U.S.C. Sec. 1983. Nilsson sued a law firm, several judges and attorneys, the city of Franklin, and the clerk of the Franklin Municipal court. The court below held that it would not take jurisdiction over the action as the subject matter involved was already the subject of a pending state proceeding. The court also held that several of the defendants were entitled to judicial immunity. We affirm the district court's decision to abstain.

I

The sorry story behind this action began in February 1983. Nilsson, needing repre-

---

* The Honorable Albert J. Engel became Senior Circuit Judge on October 1, 1989.

** The Honorable Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation.

sentation for a child custody matter, retained David A. Chicarelli, a member of the law firm Ruppert, Bronson & Chicarelli, Co., L.P.A. ("the firm"). In August 1983, Nilsson received a bill from the firm, which Nilsson alleges contained false billing entries. Nilsson wrote Chicarelli in December 1983, questioning the bill. In January 1984, Nilsson fired the firm.

In April 1984, however, the firm sued Nilsson for its fees in Franklin Municipal Court, alleging that Nilsson owed the firm $1,248.75. Later that month, Nilsson filed a written complaint against the firm and Chicarelli with the Warren County Bar Association. In May 1984, Nilsson was notified that the chairman of the bar association's committee on grievances and ethics, William Kaufman, had decided not to take action against Chicarelli. In July 1984, Nilsson filed a grievance with the Disciplinary Counsel of the Supreme Court of Ohio. The Counsel, according to Nilsson, refused to consider the complaint because the local bar association had looked into the matter.

His attempts to have his former lawyers disciplined having failed, Nilsson turned to the courts. In August 1984, Nilsson filed a counterclaim against the firm in the firm's suit against him. In January 1985, the judge assigned to the case, John Tracy, was elected to the post of Warren County probate judge. Tracy then improperly appointed John Crist as an "interim judge" to take his place in the Nilsson action only.[1] Tracy also neglected to record Crist's appointment properly. Although Tracy had already granted Nilsson's motion for a jury trial, Crist ruled that there would be a bench trial. In March 1985, after a trial, Crist awarded the firm $1,079.35.

That month, Nilsson filed another grievance with the Disciplinary Counsel. A week later the grievance was dismissed. Also in March, Nilsson filed a mandamus and prohibition action against acting judge Crist and the new judge appointed to take Tracy's place. The new judge was James Ruppert, a name partner of the firm. Nilsson contends that Ruppert testified at the trial, in his own court.

In May 1985, the state court of appeals granted Nilsson's request for a writ of prohibition, disallowing Crist from taking any further action in the case. In September 1986, the court of appeals overturned Crist's decision, finding that he was not legally appointed acting judge and that there was an "overriding appearance of impropriety" in the handling of the action. The case was then remanded to the lower court.

In July 1987, Warren County Judge P. Daniel Fedders appointed Judge Mark Clark to hear the case. In September 1987, Nilsson filed an affidavit alleging bias and prejudice on the part of Clark. This affidavit was mistakenly sent to Clark, rather than Fedders, by the office of Sherry Mullins, clerk of the Franklin Municipal Court. Clark, in October, overruled the allegations. After Nilsson objected to Clark's decision, Clark vacated his decision and sent Nilsson's affidavit to Fedders. In November 1987, Fedders overruled Nilsson's allegations. The case remains pending in Clark's court.

In February 1988, Nilsson filed this action alleging that the following persons and entities conspired to deprive him, and in fact deprived him, of his constitutional rights: the firm; Chicarelli; two attorneys in the firm, John Smith and Richard Hurchanik; Ruppert; Tracy; Crist; Clark; Kaufman; Fedders; the chief justice of the state supreme court; the Disciplinary Counsel of the state supreme court; the former president of the bar association and unidentified members of the bar association; the city of Franklin; Franklin Township; and the clerk of the Franklin courts. The plaintiff sought to enjoin the state court proceeding and also asked for both compensatory and punitive damages. The chief justice of the state supreme court, the court's Disciplinary Counsel, Hurchanik, and Franklin Township were voluntarily

---

1. Ohio Revised Code Sec. 1901.10 states that an interim judge shall "have the jurisdiction and powers conferred upon the judge of the municipal court" and "shall perform all acts pertaining to the office."

dismissed by the plaintiff. The remaining defendants filed motions to dismiss. In May 1988, the motions were granted and the case dismissed. This appeal followed.

## II

The court below ruled that it must abstain from jurisdiction in this action under the rule announced in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). There the Court held that a federal court could not interfere in a pending state criminal proceeding. Thus, for example, a federal court could not entertain a Sec. 1983 action that concerned the same issues as those being resolved in a state criminal proceeding. The Supreme Court has, since *Younger*, extended this rule to cover state civil proceedings if the state's interest in its pending proceedings are so important that the exercise of the federal judicial power would disrupt the comity between the federal and state government. *See Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 107 S.Ct. 1519, 1525–26, 95 L.Ed.2d 1 (1987).

This court has held that three criteria must be met in order to apply the *Younger* doctrine. The court must determine: (1) that state proceedings are pending; (2) that the state proceedings involve an important state interest; and (3) that the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims. *Parker v. Commonwealth of Kentucky Board of Dentistry*, 818 F.2d 504, 508 (6th Cir.1987).

The court below held that all three of these requirements were met here. Clearly, there was a pending proceeding. The court held that the state had an important interest in the operation of its judicial system and that the plaintiff's allegation of a conspiracy in the system to deprive him of his rights went to the heart of that interest. Finally, the court held that between the Ohio trial and appellate courts and the legal profession's grievance procedures, the state provided an adequate forum or fora for the plaintiff to present his constitutional claims.

Nilsson responds that an important state interest is not involved in this case. He states that the case only involves him and the firm. This dispute does not, he argues, in any way involve the state of Ohio. He also argues that he will not have an adequate opportunity to raise his constitutional issues in the state courts because he will not have a trial before a neutral magistrate. This history of illegal actions in this dispute, Nilsson argues, shows the bias of the state courts.

We disagree. Although the state case involves only private parties, it is Nilsson's allegation of a conspiracy involving the subversion of Ohio's legal system that is the genesis of the constitutional claims made in the present case, and it is in the resolution of these claims that Ohio has a great interest. *See Pennzoil*, 107 S.Ct. at 1527. Nilsson's characterization of his past treatment by the Ohio courts is not completely accurate. While Nilsson may well have been the victim of questionable acts, the Ohio legal system has not ignored his claims. The original judgment against him was reversed, and an effort has been made to find an unbiased judge. Nilsson has made a claim of bias on the part of the current judge in his case, and his affidavit of bias and prejudice has been denied. It is true that he cannot immediately appeal such a denial, but he can raise the issue on appeal after the final judgment and receive judicial consideration of his allegations. Thus, those grievances that Nilsson argues led, and continue to lead, to the deprivation of his rights can be resolved in the state proceeding.

As we find that the *Younger* doctrine applies, we must affirm the dismissal of the plaintiff's complaint, thus leaving jurisdiction over these claims to the state court. *Zalman v. Armstrong*, 802 F.2d 199, 207 n. 11 (6th Cir.1986) ("*Younger* abstention requires dismissal of the complaint rather than retention of jurisdiction as is the case under [*Railroad Commission of Texas v.]* Pullman [Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941)] abstention.") (citations omitted). After the state proceedings are concluded, with whatever solace they may bring, if Nilsson still wishes to maintain that state officials conspired with private

parties to deprive him of his rights, he can refile his Sec. 1983 action.[2] For now, however, Nilsson must make his claims in the Ohio courts.

For the foregoing reasons, the decision of the court below to dismiss this case is affirmed.[3, 4]

**2.** The dismissal of Nilsson's federal action is without prejudice.

**3.** The firm argues that Nilsson's suit against it and its attorneys is time barred because none of the specific acts that it or its employees are alleged to have committed fall within the appropriate statute of limitations period. We decline to dismiss on these grounds because Nilsson, in his complaint, has alleged an on-going conspiracy involving the state suit brought by the defendants. Thus, the pursuit of the still-pending

action is itself an act of furtherance of the alleged conspiracy.

**4.** The district court also dismissed the actions against Judges Ruppert, Tracy, Crist, Clark, and Fedders, and the Bar Association Grievance Committee members, based on judicial immunity. In light of our ruling on the abstention issue, we have no occasion to consider this alternate grounds for dismissal of certain defendants.