**30**

**Richard TODD, Plaintiff,**

v.

**HOME INSURANCE COMPANY, Maddin, Houser, Wartell, Roth, Heller & Pesses, P.C., Harvey R. Heller, and Julie C. Mayer, Jointly and Severally, Defendants.**

No. 92–74260.

United States District Court,
E.D. Michigan, S.D.

Dec. 21, 1992.

Richard Todd, in pro per.

Michael S. Leib, Maddin, Hauser, Wartell, Roth, Heller & Pesses, P.C., South-field, MI, for defendants Home Ins. Co., Maddin, Hauser, Wartell, Roth, Heller & Pesses, Harvey R. Heller and Julie C. Mayer.

Albert A. Miller, Mark C. Smiley, Garan, Lucow, Miller, Seward, Cooper & Becker, P.C., Detroit, MI, for defendant John H. Gillis, Jr.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This matter is before the Court on the defendants' motion to dismiss this case pursuant to the abstention doctrine enunciated by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Plaintiff has responded to defendants' motion, and the matter is now ripe for review.[1] For the reasons that follow, the motion is GRANTED.

### FACTS

Plaintiff filed a complaint in Wayne County Circuit Court against John G. Mooney on October 10, 1991, asserting that Mooney had committed legal malpractice in the course of representing him. The case was assigned to the Honorable John H. Gillis, Jr.

Following a hearing on April 10, 1992, Judge Gillis ordered plaintiff to disclose his expert witness and all other witnesses no later than April 17, 1992 or risk dismissal of his suit. Shortly thereafter, plaintiff filed a witness list designating Richard L. Cauthen as his expert.

Mr. Mooney's attorneys subpoenaed Cauthen for a discovery deposition, but, by letter dated May 19, 1992, were informed that he had not in fact been retained by plaintiff. Thus, a motion to dismiss plaintiff's complaint for failure to name an expert was prepared and filed. Oral argument was held on May 29, 1992, and, pursuant to *Murphy v. Sobel*, 66 Mich.App. 122, 238 N.W.2d 547 (1975), Judge Gillis granted

---

1. Accordingly, it is hereby ORDERED that this matter be resolved on the briefs. E.D.Mich. LR 7.1(e)(2).

the motion. Plaintiff appealed as a matter of right on June 29, 1992, arguing that the dismissal was erroneous. The appeal is still pending.

Plaintiff then brought suit in this Court, asserting that Judge Gillis and the attorneys for Mr. Mooney conspired to violate his constitutional rights in dismissing his malpractice complaint.[2] By Memorandum Opinion and Order of December 1, 1992, Judge Gillis was dismissed from this action on the basis of judicial immunity. The remaining defendants have now moved to dismiss on the grounds that this Court must abstain from adjudicating this matter pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

## OPINION

In *Younger v. Harris, supra*, the United States Supreme Court held that a federal court could not interfere in a pending state criminal proceeding based on

> the notion of "comity," that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

*Huffman v. Pursue, Ltd.*, 420 U.S. 592, 601, 95 S.Ct. 1200, 1206, 43 L.Ed.2d 482 (1975) (quoting *Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1975)). Twelve years later, the Supreme Court extended this rule to cover state civil proceedings if the state's interest in its pending proceedings are so important that the exercise of federal judicial power would disrupt the comity between the state and federal government. *See Pennzoil Co. v. Texaco Co.*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987).

The Sixth Circuit has held that three criteria must be met in order to apply the *Younger* doctrine. Courts must determine: (1) that state proceedings are pending; (2) that the state proceedings involve an im-

portant state interest; and (3) that the state proceeding would have afforded the plaintiff an adequate opportunity to raise his constitutional claims. *Parker v. Commonwealth of Kentucky Bd. of Dentistry*, 818 F.2d 504, 508 (6th Cir.1987). In *Nilsson v. Ruppert, Bronson & Chicarelli Co.*, 888 F.2d 452 (6th Cir.1989), the Sixth Circuit revisited the issue of *Younger* abstention on facts very similar to the ones presented in this case.

There, plaintiff Jacob Nilsson, needing legal representation, retained David Chicarelli, a member of the law firm Ruppert, Bronson & Chicarelli, Co. When he refused to honor a bill for fees, the firm sued in state court. During the pendency of this litigation, Nilsson filed an action in federal court, alleging that the firm and several state judges had conspired to deprive him of his constitutional rights. The district court dismissed the action pursuant to *Younger* and its progeny.

The Sixth Circuit affirmed, applying the factors set forth in *Parker, supra*. Noting that there was obviously a pending proceeding in the state system, the *Nilsson* court further indicated that states had a sufficiently important interest in the operation of their judicial systems to satisfy *Younger*, and that an allegations of conspiracy within that system to deprive a plaintiff of his constitutional rights went to the heart of that interest. *Nilsson*, 888 F.2d at 454. The court also found that the state courts provided an adequate forum for the plaintiff to present his constitutional claims. *Id.*

The Sixth Circuit's analysis in *Nilsson* is dispositive here. First, plaintiff does not dispute that there are proceedings currently pending in the Michigan Court of Appeals. The interest implicated in this case, moreover, is precisely the same as that identified in *Nilsson*. Finally, plaintiff has failed to allege, since he cannot, that the state courts would not have permitted him to litigate his constitutional claims. Indeed, even if he failed to avail himself of

---

**2.** Specifically, Todd claims that the defendants in this action conspired to violate his First amendment and due process rights, as well as his right of access to the courts.

the opportunity to do so, as long as the opportunity existed, abstention is required. *See Juidice v. Vail,* 430 U.S. 327, 337, 97 S.Ct. 1211, 1218, 51 L.Ed.2d 376 (1977) ("Here it is abundantly clear that appellees had an *opportunity* to present their federal claims in the state proceedings. No more is required to invoke *Younger* abstention" (emphasis in original)); *World Famous Drinking Emporium v. City of Tempe,* 820 F.2d 1079, 1083 (9th Cir.1987) ("That World Famous failed to avail itself of the opportunity to litigate its constitutional claim in the state forum, does not demonstrate that the state forum did not provide an opportunity to litigate that claim.... World Famous had an opportunity to pursue its constitutional claim upon appeal in the state courts, and failed to do so. No more is required for *Younger* abstention" (citation and footnote omitted)). Defendants' motion for abstention is GRANTED, and plaintiff's complaint is hereby DISMISSED.

### CONCLUSION

For all the reasons set forth above, defendants' motion is GRANTED, and plaintiff's complaint is DISMISSED. This Court declines to award defendants sanctions.

IT IS SO ORDERED.