66 F.3d 325
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony BOYD, Plaintiff-Appellant,
v.
MICHIGAN SUPREME COURT, et al., Defendants-Appellees.
 No. 95-1180.
 United States Court of Appeals, Sixth Circuit.
 Sept. 8, 1995.
 
 Before: LIVELY, MARTIN, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Anthony Boyd appeals the district court order granting the defendants' motion to dismiss his claims on Younger abstention grounds. Arguing on behalf of an uncertified class of "all present and future indigent Michigan appellants who have or will be denied a transcript of the jury selection portion of their trials as a result of a May 2, 1994, Michigan Supreme Court Order," he contends that Younger abstention is inappropriate for three reasons. First, Boyd maintains that he, as well as the remainder of the "class," would suffer irreparable injury while trying to obtain complete trial transcripts. Next, he emphasizes that the requested relief affects a "class" of individuals. Finally, he asserts that relief cannot be obtained in the state judicial system. For the following reasons, we affirm the district court's decision.
 
 
 2
 Boyd is an indigent defendant who was convicted of second-degree murder after a state jury trial in Michigan. His appellate counsel requested a copy of the jury selection portion of his trial transcript, but the issuing office denied his request in light of recent amendments to Michigan Court Rules 6.425(F), 6.433(D), and 7.210(B). Those amendments, which went into effect on July 1, 1994, limit an indigent appellant's ability to receive a free copy of the jury voir dire transcript from his criminal trial. An indigent appellant may still receive a copy of the voir dire transcript, however, if he "challenged the jury array, exhausted all peremptory challenges, was sentenced to serve a term of life imprisonment without the possibility of parole, or shows good cause." MCR 6.425(F)(2)(a)(i); MCR 6.433(D).
 
 
 3
 On December 7, 1994, Boyd filed a complaint in federal district court "on behalf of all persons who have been convicted since July 1, 1994 or will be convicted during the pendency of this lawsuit and thereafter, who are or will be without funds to pay for a transcript of voir dire of the jury in their felony appeal," against the Michigan Supreme Court and the individual justices who voted to adopt the amendments at issue, in their official capacities. The complaint alleged that the amendments to Michigan Court Rules 6.425(F), 6.433(D), and 7.210(B) violate indigent appellants' Fourteenth Amendment due process and equal protection rights, and infringe upon their Sixth Amendment right to effective assistance of appellate counsel. Also on December 7, Boyd filed a motion for a preliminary injunction and request for class action certification pursuant to Fed.R.Civ.P. 23(a) and (b)(2).
 
 
 4
 The defendants filed a motion to dismiss on December 27. In support, they claimed that the Eleventh Amendment insulated the Michigan Supreme Court from suit and that the individual defendants had legislative immunity. Alternatively, they contended that the district court should abstain from entertaining the lawsuit under Younger v. Harris, 401 U.S. 37 (1971). Boyd then filed an answer to the motion to dismiss on January 5, 1995, and a motion for leave to file a first amended complaint on January 11.
 
 
 5
 The district court granted the defendants' motion to dismiss in a January 31 order. Assessing the three factors that a federal court must consider in deciding whether to abstain under the Younger doctrine, the district court determined that abstention was appropriate. See Zalman v. Armstrong, 802 F.2d 199, 202 (6th Cir.1986) (stating the three factors) (discussed below). The court rejected Boyd's claim that Younger abstention was improper because the proposed plaintiff class included future appellants for whom the requisite ongoing state proceedings did not yet exist, reasoning that "such hypothetical plaintiffs would lack standing to challenge the court rules at issue in this lawsuit." Thus, the court concluded that Boyd would have "a full and fair opportunity to litigate the issues presented in this lawsuit during his ongoing criminal appeal" and that "[n]o extraordinary circumstances exist[ed] which warrant[ed] federal intervention in an ongoing state proceeding which commenced prior to the filing of this lawsuit." Because the court dismissed Boyd's complaint under the Younger doctrine, it did not address the immunity issues raised by the defendants. In addition, the court denied Boyd's motions for class certification, for a preliminary injunction, and to file an amended complaint as moot, in light of its decision. This timely appeal followed.
 
 I. The Parties to this Lawsuit
 
 6
 As a preliminary matter, the briefs create some confusion regarding the plaintiff and defendant parties before this Court. On appeal, Boyd identifies himself, as well as "the class of all present and future indigent Michigan appellants who have been or will be denied a transcript of the jury selection portion of their trial as a result of a May 2, 1994, Michigan Supreme Court order," as plaintiffs. As the defendants emphasize, however, although Boyd filed a motion for class certification, the district court denied that motion as moot in light of its decision to abstain. Because the district court never certified the case as a class action pursuant to Fed.R.Civ.P. 23, Boyd is the only plaintiff on appeal.
 
 
 7
 In his appellate brief, Boyd also identifies the defendants as "the Michigan Supreme Court and the individual justices of that court, in their official capacities." In his complaint, however, Boyd only named the Michigan Supreme Court and the four individual justices who voted to amend the court rules as defendants. While Boyd later sought to amend his complaint to include not only those individual justices, but all of the justices of the Michigan Supreme Court, the district court also denied that motion as moot. Therefore, the only defendant parties before this Court are the Michigan Supreme Court and the four individual justices who voted to adopt the challenged court rules, one of whom is now retired.
 
 II. The Propriety of Abstention
 
 8
 Boyd argues that the district court erred in invoking the Younger abstention doctrine for three reasons. First, he contends that this case presents an "extraordinary circumstance" that renders abstention inappropriate: "the plaintiffs" will suffer "irreparable injury" as a result. Next, he asserts that because state court relief for a single plaintiff cannot vindicate the rights of the affected "class," federal courts should not abstain. Finally, Boyd maintains that abstention is improper in light of the circumstances of this case, as resort to the state court system would be futile. The defendants essentially counter that abstention is required under Younger, because there was an ongoing state proceeding that provided Boyd, the sole plaintiff, an adequate opportunity to raise his claims and because there were no extraordinary circumstances militating against abstention.
 
 
 9
 In Younger v. Harris, 401 U.S. at 46, the Supreme Court held that federal courts should not interfere with pending state criminal proceedings absent extraordinary circumstances, grounding its decision on "principles of comity and federalism." Watts v. Burkhart, 854 F.2d 839, 844 (6th Cir.1988). Under Younger, abstention is generally required where: " state proceedings are pending; the state proceedings involve an important state interest; and the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims." Kelm v. Hyatt, 44 F.3d 415, 419 (6th Cir.1995) (citing Nilsson v. Ruppert, Bronson & Chicarelli Co., 888 F.2d 452, 454 (6th Cir.1989)). This Court reviews de novo a district court's decision to abstain under Younger. Id. (citing Mann v. Conlin, 22 F.3d 100, 101 (6th Cir.), cert. denied, 115 S.Ct. 193 (1994)).
 
 
 10
 In essence, this case centers around two overlapping questions: whether Boyd's state criminal appeal will afford him an adequate opportunity to raise his constitutional claims; and whether Boyd will suffer irreparable injury as a result of federal court abstention. In Foster v. Kassulke, 898 F.2d 1144 (6th Cir.1990), this Court held that federal courts should not interfere in pending state criminal proceedings in order to entertain a constitutional challenge to a state Supreme Court's policy of providing criminal defendants with videotapes of court proceedings in lieu of written transcripts. In reaching this conclusion, we reasoned:
 
 
 11
 Even though her demands for adequate attorney compensation and a written transcript have been denied by the state courts, any violation of her constitutional rights which she asserts in her federal section 1983 action may be raised on appeal as a basis for reversal. Moreover, even assuming an adverse judgment on appeal, she still has resort to state habeas relief, where the constitutionality of the state procedures could be determined by the state court.... Failing to get relief there, she may then turn to the federal courts and seek habeas review, arguing that her conviction was in violation of the constitutional rights which her section 1983 complaint asserts were denied.
 
 
 12
 Id. at 1146. We observe that the same remedial avenues open to the plaintiff in Foster are available to Boyd.
 
 
 13
 In Foster, we also determined that no extraordinary circumstances existed warranting federal intervention, as there was no great and immediate danger of irreparable loss. Id. at 1147. Like the plaintiff in Foster, Boyd has not made a showing "that challenging the state procedures in state court would not afford h[im] adequate protection." Id. Similarly, Boyd failed to show that the pending state proceedings are inadequate for raising his federal constitutional issue. Mann, 22 F.3d at 106. We note that where a plaintiff has failed to present his constitutional claims to a state court, a federal court must assume that the state proceeding would afford an adequate remedy, "in the absence of unambiguous authority to the contrary." Penzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). Contrary to his belief that he cannot adequately raise his federal constitutional claims in state court because his time to appeal any issue appearing in the transcript will have expired by the time a state court determines that he is entitled to the transcript, Boyd can raise any newly discovered issues by motion before he fully exhausts his appeals. Moreover, as the defendants point out, there is no reason why either the Michigan Court of Appeals or the Michigan Supreme Court could not declare the challenged Michigan Supreme Court Rules invalid.
 
 
 14
 Thus, we agree with the district court that Boyd has "a full and fair opportunity to litigate the issues presented in this lawsuit during his ongoing criminal appeal."
 
 
 15
 The judgment of the district court is AFFIRMED.