66 F.3d 326
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elbert Phillip LONG, Plaintiff-Appellant,
v.
Walt CHAPLEAU, Warden; James Grider; Anthony Eaton; Jack
Lewis; Rocky Carter; Kathy Bingham; Stan
Sienicki; Joyce Hall; E.L. Sparkman,
Defendants-Appellees.
 No. 95-5296.
 United States Court of Appeals, Sixth Circuit.
 Sept. 22, 1995.
 
 1
 BEFORE: NORRIS and SUHRHEINRICH, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 2
 Elbert Phillip Long, pro se, appeals a district court order granting the defendants' motion for summary judgment in this civil rights case filed under 42 U.S.C. Sec. 1983. The defendants include the Warden of the Kentucky State Reformatory (KSR), the Warden of the Northpoint Training Center (Northpoint) in Burgin, Kentucky, and several other prison officials employed by the Kentucky Department of Corrections, some of whom are either guards or officers at KSR and Northpoint.
 
 
 3
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 In his complaint, Long made a variety of accusations against these prison officials, but focused the majority of his allegations on the defendants' decisions to place him in administrative segregation while he was housed at KSR, to transfer him to the Northpoint Training Center in 1994, and to place him in administrative segregation upon the 1994 transfer. The district court considered each of these claims and the motion filed by the defendants for summary judgment, and granted the motion in its order entered February 8, 1995.
 
 
 5
 On appeal, Long lists eight issues which are, essentially, a repetition of the allegations presented to the district court. This court's review of a grant of summary judgment is de novo. City Management Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); City Management Corp., 43 F.3d at 250; Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993).
 
 
 6
 Upon review, this court concludes that the district court properly abstained from deciding certain issues that Long raised in a pending lawsuit in the Kentucky state court, under the Younger doctrine. Younger v. Harris, 401 U.S. 37, 44-45 (1971). See also Nilsson v. Ruppert, Bronson & Chicarelli Co., 888 F.2d 452, 454 (6th Cir.1989). Secondly, the district court properly found that Long has failed to establish that the defendants deprived him of access to materials and legal books to the extent that Long has been prejudiced in any pending litigation. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Thus, Long has not been denied meaningful access to the courts. See Bounds v. Smith, 430 U.S. 817, 822 (1977).
 
 
 7
 Next, the lower court appropriately determined that Long has no inherent constitutional right to placement in any particular prison, Olim v. Wakinekona, 461 U.S. 238, 245 (1983), or to placement in any particular section within a prison. Hewitt v. Helms, 459 U.S. 460, 468 (1983). Further, the administrative segregation imposed was not an "atypical and significant hardship" on Long "in relation to the ordinary incidents of prison life" that would create a liberty interest protected by the Due Process Clause. Sandin v. Conner, No. 93-1911, 1995 WL 360217, at * 6 (U.S. June 19, 1995). Long's general response to the defendants' legitimate reasons for transferring Long and, thereafter, placing him in administrative segregation, cannot overcome the defendants' motion for summary judgment, because Long has not presented "significant probative evidence" in support of his complaint to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Long has not gone beyond his pleadings to designate specific facts showing that there is, indeed, a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
 
 
 8
 It is also well-established that prisoners have no constitutionally protected property interest or liberty interest in prison employment, Newsom v. Norris, 888 F.2d 371, 374 (6th Cir.1989). Moreover, Kentucky state law has not created such an interest by statute, regulation or policy. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463 (1989).
 
 
 9
 Next, the district court properly concluded that there was no factual basis for Long's allegation that the deteriorating condition of the prison buildings was causing him injury. The district court also properly relied on the caselaw as set forth in Hudson v. Palmer, 468 U.S. 517, 531-33 (1984), to dispose of Long's claim that his personal property was either confiscated or destroyed by certain of the named defendants, upon Long's transfer. Long has not shown that Kentucky does not provide an adequate post-deprivation remedy to redress this claim. Parratt v. Taylor, 451 U.S. 527, 543-44 (1981), overruled in part by Daniels v. Williams, 474 U.S. 327 (1986); Wagner v. Higgins, 754 F.2d 186, 191-92 (6th Cir.1985).
 
 
 10
 Lastly, there is no merit to Long's allegation that an evidentiary hearing was required in district court. Long has made no showing that additional discovery or a hearing would have disclosed disputed material facts to establish the need for a trial. See Gordon v. Barnes Pumps, Inc., 999 F.2d 133, 138 (6th Cir.1993).
 
 
 11
 Accordingly, the district court's order granting the defendants' motion for summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation