103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven NOWICKI; Justin S. Nowicki, a minor child,
Plaintiffs-Appellants,
v.
John B. BRUFF; Thomas Blohm; Lynn Liberato; Frank Pierce;
Lynn Davidson; Frank Csokasy; Gregory Toler; William
Ziehm; Thomas McDonald; Therese Wolf; Macomb County Board
of Commissioners; William J. Berardo; Deborah A. Carson;
Mary A. Nowicki, Defendants-Appellees.
 No. 95-2233.
 United States Court of Appeals, Sixth Circuit.
 Dec. 03, 1996.
 
 Before: JONES, SILER, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Steven Nowicki appeals a district court judgment dismissing his civil rights action filed under 42 U.S.C. § 1983 for lack of subject matter jurisdiction. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Nowicki filed his complaint in the district court on behalf of himself and his son alleging that he was deprived of his constitutional rights in an ongoing Macomb County, Michigan, Circuit Court domestic relations case. Plaintiff named as defendants eight Macomb County Friend of the Court officials, a state judge, a social worker, two private attorneys and plaintiff's ex-wife. Plaintiff sought declaratory and injunctive relief and compensatory and punitive damages.
 
 
 3
 Defendants moved to dismiss the complaint, and the district court ordered plaintiff to show cause why his complaint should not be dismissed for lack of subject matter jurisdiction. After plaintiff filed a response two days beyond the deadline set in the order to show cause, the district court struck plaintiff's response and dismissed plaintiff's complaint for lack of subject matter jurisdiction. Thereafter, the district court denied plaintiff's objection, which it construed as a motion for reconsideration. This timely appeal followed, and the district court granted plaintiff leave to proceed in forma pauperis.
 
 
 4
 On appeal, plaintiff moves for a stay of the state court proceedings and for other miscellaneous relief, and contends that the district court: (1) improperly struck his response to the show cause order; (2) was biased against him; and (3) improperly dismissed his complaint for lack of subject matter jurisdiction. Upon consideration, we affirm the district court's judgment in part for reasons other than those stated by the district court. See City Management Corp. v. U.S. Chem. Co., 43 F.3d 244, 251 (6th Cir.1994).
 
 
 5
 We review de novo a district court judgment dismissing a complaint on abstention grounds. See Mann v. Conlin, 22 F.3d 100, 105 (6th Cir.1994), cert. denied, 115 S.Ct. 193 (1994); Traughber v. Beauchane, 760 F.2d 673, 676 (6th Cir.1985). First, abstention is appropriate with respect to plaintiff's claims for declaratory and injunctive relief. See Kelm v. Hyatt, 44 F.3d 415, 419 (6th Cir.1995); Mann, 22 F.3d at 105. However, dismissal of these claims is without prejudice to plaintiff's right to refile these claims upon conclusion of the state proceedings. See Nilsson v. Ruppert, Bronson & Chicarelli Co., 888 F.2d 452, 454-55 (6th Cir.1989). While dismissal of plaintiff's claims for money damages is not appropriate because the claims are not cognizable in the state court, see Deakins v. Monaghan, 484 U.S. 193, 202 (1988), dismissal of those claims is affirmed because plaintiff failed to state a viable claim for damages. See Kelm, 44 F.3d at 421.
 
 
 6
 Defendant Macomb Circuit Judge Bruff enjoys absolute immunity from suit for damages because all of the acts alleged were taken in his capacity as judge. See Mann, 22 F.3d at 103-05. Similarly, the eight defendant Macomb County Friend of the Court employees are entitled to quasi-judicial immunity from suit for money damages, see Bush v. Rauch, 38 F.3d 842, 847 (6th Cir.1994), as is the defendant social worker. See Salyer v. Patrick, 874 F.2d 374, 378 (6th Cir.1989); Kurzawa v. Mueller, 732 F.2d 1456, 1458 (6th Cir.1984). Also, plaintiff did not state a viable claim for money damages against the defendant Macomb County Board of Commissioners. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 691 (1978); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 889 (6th Cir.1993). Further, dismissal of plaintiff's claims against his ex-wife and her two attorneys is affirmed because these defendants did not act under color of state law for purposes of § 1983. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936-39 (1982); Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Kelm, 44 F.3d at 421. Plaintiff's bare allegations that defendants conspired against him are mere conclusions which need not be accepted as true. See Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 930 (6th Cir.) (per curiam), cert. denied, 484 U.S. 945 (1987). Accordingly, dismissal of plaintiff's claims for money damages is affirmed on this basis. Dismissal of plaintiff's pendent state law claims is affirmed given the dismissal of plaintiff's federal claims. See 28 U.S.C. § 1367(c); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).
 
 
 7
 Plaintiff's motions and remaining claims on appeal are meritless.
 
 
 8
 For the foregoing reasons, plaintiff's motions for a stay and for miscellaneous relief are denied, and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.